## GLOVER vs. WHITTENHALL.

The return of a sheriff endorsed upon a *fi. fa.* stating the fact of a levy upon the defendant's property is admissible evidence for the sheriff in an action against him by the defendant in the execution, though the *fi. fa.* has not been filed in the clerk's office.

Accordingly where a sheriff was sued for breaking and entering the plaintiff's dwelling-house after being forbidden to do so, and his right so to enter depended upon his having previously levied upon personal property therein; *held* that a statement of such levy endorsed by the defendant upon the *fi. fa.* which had not been filed, with an inventory of the goods levied on attached thereto, were competent evidence for the defendant.

TRESPASS *quare domum fregit*, tried at the Chenango circuit in January, 1845. The defendant, who as a deputy sheriff, had in his hands a *fi. fa.* against the plaintiff, went to his house on the 26th day of December, 1840, and found it fastened against him. He requested admission for the purpose of completing an inventory and taking charge of goods in the house, which he insisted he had levied on the evening before. The plaintiff forbade his entering, denying that he had made such levy. The defendant however forced open a door, entered, went over the house and made an inventory. The defendant had been in the house the preceding day, and the principal point in controversy was, whether he had on that occasion levied upon goods therein. To prove this levy the defendant produced the *fi. fa.* against the plaintiff, which was received by him on the 25th December, and an inventory annexed thereto, as follows: " December 25, 1840. By virtue of the within *fi. fa.* I have this day levied on 20 cows, &c. [naming various chattels out of doors.] At house of James A. Glover, 1 carpet in front room, &c. [enumerating certain articles of household furniture, &c.] 26th. One table stand, &c. [mentioning other articles.] The inventory of the above levy was begun on the 25th day of December instant and completed on the day following so far as the inventory is concerned in the house. Dated December 25, 1840. W. Hatch, sheriff, by U. Whittenhall, dep." There was a return written on the back of the *fi. fa.* and signed in the same manner as the inventory, sta-

ting the fact of a levy on the property mentioned in the inventory annexed, on the 25th December, 1840; but the writ had not been filed in the clerk's office. The plaintiff's counsel objected to the reading of the papers annexed to and that written upon the execution in evidence, insisting that these papers were not a *return* or any part of a return to the *fi. fa.*, but only memoranda of acts done towards executing the writ, which might be changed or varied by the sheriff at any time before a return responsive to the mandate of the writ was made and filed, and that at all events such written statements were not evidence for the defendant until the writ had been actually returned and filed. The court overruled the objection and admitted the evidence, and the plaintiff's counsel excepted. There was other evidence by both parties, touching the fact of a levy on the 25th December; and the case being submitted to the jury, they found a verdict for the defendant. The plaintiff moved for a new trial on a case.

*J. A Spencer*, for the plaintiff, cited *Browning* v. *Hanford*, (7 *Hill*, 120;) *Gyfford* v. *Woodgate*, (11 *East*, 297;) *Rex* v. *Elkins*, (4 *Burr.* 2129;) *Wood's Ins.* 71; *Michaels* v. *Shaw*, (12 *Wend.* 588;) *Com. Dig. Retorn. G.*

*J. A. Collier*, for the defendant, referred to *Bealls* v. *Guernsey*, (8 *John.* 52;) *Cowen & Hill's Notes*, 1082 to 1085; *Cornell* v. *Cook*, (7 *Cowen*, 313;) *Spoor* v. *Holland*, (8 *Wend.* 445;) *Butler* v. *Maynard*, (11 *id.* 553.)

*By the Court*, BEARDSLEY, J. When this case was formerly before the court, (6 *Hill*, 597,) it was held that the defendant's entry of the plaintiff's house was lawful, provided he had previously levied upon property therein. The only material question now is, whether the endorsement on the writ of *fi. fa.* and the schedule annexed were admissible as evidence in favor of the defendant, upon the fact of such a levy having been made on the 25th of December. Such a levy is therein stated to have been made; but the objection is that these statements were not

evidence, because the writ had not been filed in the clerk's office, it being still in the hands of the officer.

I think this objection cannot be sustained. A writ of *fi. fa.* commands the sheriff to make the money of the goods and chattels of the party against whom it issued, or in other words to levy upon and sell the property of the debtor, and thus make the money to satisfy the debt. It was the sheriff's duty in this case to levy on the property of the present plaintiff. This the sheriff was commanded to do; and when done, he might with propriety endorse the fact on the process in his hands. A sheriff's return to process is but a statement of what has been done in obedience to its command, or of some cause for not having obeyed its mandates. (*Sewell's Law of Sheriff*, 384; *Browning* v. *Hanford*, 7 *Hill*, 120.) Every act done by him in the course of the execution of the writ, every step taken, may be endorsed, as they occur. First the levy—next the advertisement, and then the sale—each in its order is an official act, and each may thus be endorsed as they are successively performed. In the aggregate these statements will furnish a complete response by the officer, and a full return to the writ; and each part, as made, is so far an official return. In practice it is certainly true, that sheriffs are not particular to note each step taken in the course of executing a writ. A general return at the close is usually made, and that is all which may be material between the parties to the process, and ordinarily all which is material to any one. Still, it would be strictly within the limits of the official duty of the sheriff, to note each step as taken in the execution of process in his hands; and as each is an official act done in obedience to a lawful command, the law makes his official statement of what he so does, evidence in his favor. The admission of statements made by a party, as evidence in his favor, in any case, is a departure from the general rule of law on the subject. But the exception rests on peculiar reasons; the statement of the officer is official, and the fact recorded was his official act, done in obedience to a legal requirement. An officer cannot be expected to have a witness present at all times, when in the performance of his public duty, and some confidence must

be reposed in his fidelity and truth. The evidence is not conclusive, but no rule is better settled than that it is admissible. (*Cowen & Hill's Notes to Phil. Ev.* 157, 1083 *to* 1085, 1092, 3, *and authorities there cited.*)

Nor should the rule be limited to such returns as have been filed and thus become matters of record. The statement is evidence because it is a return, so far, of what the officer has done under the command of the writ, and not because it is such a statement placed on the files of the court. It may be more convincing to a jury when it appears to have been filed, and thus placed beyond the power of the officer to suppress or mutilate; but that does not touch the question of its competency, however strongly. it may bear upon its credibility and force. It may often be necessary for an officer to prove a fact thus verified by him; as a levy made before the return day of the process under the authority of which he acted, and before its complete execution. He may be sued in trespass for the levy and seizure, and the case may be pressed to a trial at an early day. Why should not his endorsement of a levy on process, still in his hands, be evidence for him in such a case, as it is conceded that it would be if the process had already been returned? I cannot doubt that it would be; and for myself, I should rely much more upon successive statements made by the officer, as he advanced, step by step, in the execution of process, than upon any return in gross, which he might make at the close of the business.

New trial denied.