## HENDERSON *vs.* CAIRNS & HENDERSON.

The sheriff's return on an execution that he had levied and paid to the plaintiff part of the debt, and that the defendant had no property to pay the residue of the judgment, is legal evidence of the facts stated in the return, as between the parties to the suit; and these facts are sufficient to repel the presumption of payment, arising from the fact that more than twenty years have elapsed since the judgment was rendered, where the judgment was obtained before the revised statutes took effect.

THIS was an action of debt on a judgment recovered in the supreme court in the year 1823. Plea payment, and replication taking issue thereon. The cause was tried at the New-York circuit in January, 1848, before Justice Morse, without a jury. The plaintiff read in evidence the record of the judgment sued on, and an execution issued upon said judgment, against the property of the defendants, tested May 17th, 1823, with an indorsement thereon, directing the levy of $3,388 of debt, with interest, and costs. Also a return by the sheriff, in these words : " Made on the within execution, six hundred and thirteen dollars and fifty-six cents ; paid amount to plaintiffs' attorney ; no goods or chattels, lands or tenements as to residue. P. H. WENDOVER, sheriff. Filed 21st Oct. 1823." The counsel for

the plaintiff then offered to read in evidence a testatum fieri facias, issued on said judgment on the 25th day of August, 1840, directed to the sheriff of the county of Queens, together with the directions to the said sheriff, and the return of the sheriff indorsed thereon. The counsel for the defendant objected to the introduction and admissibility of the said testatum fieri facias, as evidence against the defendant, because, 1st. The said execution was no evidence of payment, as against the defendants. 2d. Because the execution did not appear to have been regularly issued on the judgment in question, since the sum mentioned in the body of the writ was not the amount appearing due of record on the judgment. 3d. Because the same was issued more than ten years after the former execution was returned, without any revival of the judgment by scire facias or otherwise. His honor the justice overruled the objection, and admitted the said testatum fieri facias in evidence, to which ruling and decision of the court the counsel for the defendant excepted. The counsel for the defendant also insisted that the return of the sheriff indorsed upon the said fi. fa. was not admissible as evidence against the defendant, and objected to its being received on the grounds, 1st. That it did not appear that the defendant, William Cairns, junior, had any knowledge or notice of the same. 2d. That the said return was not evidence against the defendant, of any payment by the defendants or either of them. 3d. That no evidence, except what tended to prove payment of some part of the said judgment, or to prove a written acknowledgment of the plaintiffs' right of action was admissible; and that neither the said writ of fieri facias, nor the return of the sheriff, tended to prove either such payment or acknowledgment. 4th. That neither the said fieri facias, nor the return of the sheriff thereupon, was admissible as evidence against the defendant Cairns for any purpose. The court overruled the objection, and permitted the said return to be read in evidence, to which ruling and decision of the court, the counsel for the defendant excepted. The said testatum fieri facias and the directions to the sheriff, and the sheriff's return thereon, were then read in evidence. The writ was tested the 18th of July, 1840, and the indorsement directed the

sheriff to levy $2,916,86 with interest from August 9, 1823. To this writ the sheriff returned as follows : " By virtue of the annexed writ, I levied upon certain goods and chattels to which a claim was made by Ann Eliza Cairns, wife of the defendant, William Cairns, as being her separate property and estate ; that I thereupon called a jury of inquest to inquire as to said claim, who appeared, were sworn, and proceeded to investigate said claim : the attorney for the plaintiff attending thereupon ; that the said jury signed an inquisition finding that the property so levied upon was the property of the said Ann Eliza Cairns, and that the plaintiff's attorney declines to indemnify me in proceeding to sell said property ; and I further certify, that I find no other goods or chattels, lands or tenements of the defendants within my bailiwick to satisfy the said execution. ELBERT TREADWELL, late sheriff. Filed April 16, 1842." The counsel for the plaintiff then offered to read in evidence on his part an alias fieri facias, issued on said judgment, on the 14th day of September, 1840, directed to the sheriff of the city and county of New-York, together with the return of the sheriff indorsed thereon. The counsel for the defendant objected to the introduction and admissibility of the said alias fieri facias as evidence against the defendant, for the same reasons as were given in support of the objections against the admissibility of the testatum fieri facias. The justice overruled the objection, and the counsel for the defendant excepted. The counsel for the defendant also insisted, that the said return of the sheriff so indorsed on the said alias fieri facias was not admissible as evidence against the defendant, and objected to its being so received by the court, for the same reasons given above, in opposition to admitting the sheriff's return on the testatum fieri facias. The justice overruled the objection, whereupon the counsel for the defendant excepted ; and the said alias fieri facias, and the sheriff's return indorsed thereon, were then admitted by the court, and read in evidence.

The sheriff returned that he had made on the execution two hundred and fifty-one dollars and thirteen cents ; and no goods or chattels, lands or tenements as to the residue.

It was then admitted by the parties, that this suit was commenced by issuing a capias ad respondendum on the 18th day of November, 1843. The counsel for the plaintiff here rested his case. The counsel for the defendant thereupon insisted, that more than twenty years having elapsed after the signing and filing of the said judgment, and after the return of the execution first issued thereon, before the commencement of this suit, there was a legal presumption that the judgment had been paid; and such presumption not being repelled or opposed by any competent evidence in the case, that the matters so given in evidence on the part of the plaintiff did not maintain the issue on his behalf, or entitle him to a verdict against the defendant, and he moved and requested the judge to decide accordingly, and enter his verdict and decision upon the said issue for the defendant, or to nonsuit the plaintiff; which motion for a nonsuit the justice refused to grant, but overruled and denied the same, and delivered his opinion and decision, that any presumption of payment from lapse of time was in point of law duly and sufficiently repelled by the evidence. To which opinion and decision of the said justice the counsel for the defendant excepted.

The cause was then submitted to the decision of the said justice, who found a verdict, and entered his decision upon the issue aforesaid in favor of the plaintiff, and against the defendant, for six thousand seven hundred and seventy-six dollars of debt, and eight hundred and sixty-eight dollars and twenty-three cents damages, and six cents costs. And the defendant, upon a bill of exceptions, moved for a new trial.

*John L. Mason,* for the plaintiff. I. The judgment on which this suit is brought having been rendered prior to the passage of the revised statutes, the presumption of payment, from lapse of time, applies to it, if at all, in the same manner as such presumption applied, before the passage of those statutes, to sealed instruments; and it may be repelled in the same manner. (2 *R. S.* 301, §§ 46, 47, 48. *Laws of N. Y.* 1821, *p.* 246, § 4. *Revisor's Notes,* 3 *R. S.* 705, 2d ed. *Miller* v. *Smith's Ex'rs,*

16 *Wendell*, 425. *Waddell, adm'r* v. *Elmendorf, adm'r,* 12 *Barbour*, 585.) II. Previous to the passage of the revised statutes, the presumption of payment which applied to sealed instruments might be repelled, not only by proof of acknowledgment of indebtedness, or of payment of some part of the amount within twenty years, but by proof of insolvency of the debtor, the absence of the creditor, or other circumstances tending to explain the forbearance of the creditor, and leading to the conclusion that the debt was still unpaid. (*Mathews on Presumptive Ev. p.* 361. *Jackson* v. *Hotchkiss,* 6 *Cowen,* 401. *Boardman* v. *Deforest,* 5 *Conn. Rep.* 1. *Bailey* v. *Jackson,* 16 *John.* 210. *Cope* v. *Humphreys,* 14 *Serg. & R.* 15. *Flading* v. *Winter,* 19 *Ves.* 196. *Terry* v. *Hampton,* 1 *McCord,* 145. *Roseboom* v. *Billington,* 17 *John.* 182.) III. In the present case the presumption of payment from lapse of time does not apply, because the plaintiffs, within twenty years from the rendition of the judgment, made two attempts to collect the debt by process of execution. IV. The fi. fa., issued on the 14th of September, 1840, to the sheriff of New-York, and the return of the sheriff thereto, that he had made $251,13, are conclusive evidence of part payment of the debt, sufficient to repel the presumption arising from lapse of time. (2 *R. S.* 440, § 77. 3 *Cowen & Hill's Notes to Phil. Ev.* 1085, 1087. *Roseboom* v. *Billington,* 17 *John.* 182.) V. The several executions introduced by the plaintiffs and the sheriff's returns thereto were properly received in evidence, and abundantly repel the presumption of payment.

*Jona. Miller,* for the defendants. I. By the common law, although lapse of time was in the case of sealed instruments presumptive evidence of payment to be submitted to a jury; yet, if no payment or acknowledgment had been made within twenty years after a bond became due, the law presumed it paid, and by such presumption the jury was bound. (*Schauber* v. *Jackson,* 2 *Wend.* 59, 60. 2 *Phil. Ev. by Cowen & Hill,* 171. *Starkie on Ev. pt.* 4, *p.* 310.) This rule of law was applied to judgments by a statute of this state, passed April 3d,

1821. (*Chap.* 238, *p.* 246, § 4.) The presumption of payment could, however, by the common law, be repelled by a *verbal* acknowledgment of the debt, and other circumstances. II. The proof offered by the plaintiff, objected to by the defendant, and admitted by the judge, was not competent by the rules of the common law to repel the presumption, and should have been rejected. (1.) The issuing of the executions were ex-parte acts of the plaintiff; no such acts without the express or implied assent of the defendant can repel the presumption. (2.) It does not appear that the defendant had any knowledge whatever of such acts. (3.) The sheriff's return, if evidence at all, was only so to the effect that he made the money mentioned in it. But it was not evidence of any knowledge on the part of the defendant of such fact, nor of his assent or dissent to the proceedings by which the money was obtained, nor was it evidence of the mode or manner by which the sheriff made the moneys; whether by levy on property, money advanced by the plaintiff or his agent, or otherwise. III. The common law rule of evidence, by which presumption of payment from lapse of time could be repelled, was changed by the revised statutes, (2 *R. S.* 301, §§ 46, 48,) and no act or circumstance occurring subsequent to the revised statutes in 1830, except payment of some part, or a written acknowledgment of the right of action within twenty years, is admissible, in evidence, to repel the presumption. And such statutory rule of evidence applies as well to judgments obtained before 1830, as to judgments obtained afterwards. (*Van Rensselaer* v. *Livingston*, 12 *Wend.* 490. *Henderson* v. *Henderson*, 3 *Denio*, 314. *The People* v. *Supervisors of Columbia County*, 10 *Wend.* 363. *Sayre* v. *Wisner*, 8 *Id.* 661, 664. *Lawrence* v. *Trustees of Leake and Watts' Orphan Asylum*, 2 *Denio*, 583, 588. *Wadsworth* v. *Thomas*, 7 *Barb.* 445.) IV. The payment mentioned in the statute is a voluntary one, recognizing and admitting the indebtedness upon which it is made. A levy and sale by execution is an adverse proceeding, from which no presumption of assent to an existing indebtedness on the part of the defendant can be presumed or inferred. A payment of any part, even after the lapse of forty years, would

revive the original indebtedness. Surely a levy and sale by execution cannot have such effect.

The only facts given in evidence to repel the presumption of payment, arising from lapse of time, are the following : (1.) The issuing of an execution in 1823, on which was made $613$\frac{56}{100}$. This execution was returned and filed 21st of October, 1823, more than twenty years before the commencement of this suit. (2.) An alias execution issued in 1840, returned and filed April 16th, 1842, (being nineteen years after the return of the first execution.) (3.) A pluries execution issued in 1841, returned and filed April, 1841. (4.) The sheriff's return on the last mentioned execution, that he had made $251$\frac{13}{100}$ on the execution. If these facts were properly admissible in evidence—and we insist they were not—still they are not sufficient to repel the presumption. Such presumption can only be repelled, (1,) By some voluntary act of the defendant ; or (2,) By the existence of some peculiar state of things. By some voluntary act of the defendant, as payment of a part, or acknowledgment of an existing indebtedness, within the time. The proof of such facts may vary with every case ; as for instance, an indorsement of a payment made by the plaintiff on a bond, shown to have been made when it was adverse to his interest to do so, is evidence to establish the fact that the defendant voluntarily made the payment. The act of the plaintiff in making the indorsement did not repel the presumption, but it was the voluntary payment, of which the indorsement was allowed as evidence, which repelled it. Even the admission of the plaintiff's indorsement as evidence of payment by the defendant is considered against principle, and was only admitted after much argument, on the ground that it was adverse to the plaintiff's interest at the time it was made. (*Roseboom* v. *Billington,* 17 *John.* 182, 184, 188.) Such payment might be proved in a variety of other ways, by the person who saw the money paid or who paid it as an agent of the defendant, and by his direction, &c. The presumption may also be repelled by some declaration of the defendant, as an admission that the money is due, or has not been paid, &c. This, however, is the defendant's act, which the plain-

Henderson *v.* Cairns.

tiff may prove by competent evidence. The presumption may also be repelled by the existence of some peculiar state of things ; and these may arise from the acts of either party, or without, as the poverty and continued poverty of the defendant, the removal of the defendant to a foreign country, the breaking out of war by which the plaintiff becomes an alien enemy, &c. No such act of the defendant, or peculiar state of things, are shown in the case at bar. But the presumption is attempted to be repelled, 1st, by the act of the plaintiff, and 2d, .by the return of the sheriff; and neither of these was sufficient. The mere act of the plaintiff, in causing the execution to be issued by an attorney, was of no greater force, as evidence, than a letter written by the same attorney demanding the money, or a declaration of the plaintiff that the judgment was still due, would have been. In the language of Chief Justice Spencer, " It is a fundamental principle that the private exparte acts of an individual shall not be evidence for him, unless those acts were in collision with his interest at the time. To admit evidence of the parties' own creating, I consider repugnant to every sound principle of law," &c. (17 *John.* 187.) The institution of a suit afterwards discontinued is not sufficient to repel the presumption. (*Palmer's Ex'r* v. *Dubois, adm'r,* 1 *Const. C. Rep.* 178.) The mere demand would not repel the presumption. If, when a demand is made, the defendant remains silent, such silence may be used as evidence of an admission of the claim. But it will be perceived that it is the admission and not the demand which repels the presumption; for if, when the demand is made, the defendant denies the indebtedness, surely no presumption can arise against the defendant upon such demand and denial. 2. It appears that the alias execution was delivered to the sheriff of Queens, and that the pluries was issued to the sheriff of New-York; but it does not appear in evidence that the defendants, or either of them, resided in either of those counties, or even in the state of New-York at the time. 3. The sheriff's return on the pluries execution was not sufficient to repel the presumption. Sheriffs' returns are conclusive evidence between the parties when the jurisdiction of the court depends upon them, as " ccpit"

on a capias; that he had put the plaintiff in possession of prem-ises in ejectment, where the question arises in a subsequent action beween the plaintiff and the defendant and in cases of a like kind; so also as against the plaintiff, that he had made the moneys on the execution.    But the return itself is not evidence against the defendants that the defendants paid so much voluntarily or that the defendants knew of the execution, or expressly or impliedly admitted the existence of any claim on the judgment.    And if the return had stated that the defendants, or either of them, paid the sheriff any given sum of money on the execution, such return would have been extra-judicial and not competent as evidence; and it cannot be that the plaintiff has a right to infer what he could not have used as evidence if expressed.    If any money was paid in fact by the defendants, or either of them, the sheriff should have been called by the plaintiff to prove it.

*John L. Mason,* in reply.    I.  Assuming that the correctness of the plaintiff's first point has been established by the decision in *Waddell* v. *Elmendorf,* (12 *Barb.* 585,) and that this is a case in which payment is to be presumed from lapse of time, the next question is, whether the facts in evidence sufficiently repel the presumption.    The old rule, prior to the revised stat-utes, is understood to be that any facts which tend to show that the debt is unpaid, may be given in evidence to repel the pre-sumption.    Prima facie the debt is paid; the law holds it to be so, from the fact of the long forbearance of the creditor; it pre-sumes he would not have lain quietly by for twenty years with-out any attempt to collect his debt, if it were unpaid; and this is a fair presumption from the common course of human affairs. But if the creditor can show circumstances to exist entirely in-consistent with the fact of the debt being paid, circumstances which go to destroy *the reason on which the rule is founded,* he may give them in evidence, and thus repel the presumption of payment.    The cases cited under the plaintiff's second point show that not only part payment or an admission by the debtor, but his inability, from poverty, the absence of the creditor abroad, or in short any state of facts which renders it probable

that the debt has not been collected, repel the presumption. See especially the case of *Levy* v. *Hampton*, (1 *McCord*, 145,) where, in a suit against one of two joint and several obligors in a bond, the court held that evidence of a judgment recovered against the other co-obligor, and the sheriff's return on the execution, and the general belief of insolvency, was conclusive evidence to repel the presumption of payment of the bond. If such was the effect when the suit was against the obligor not sued previously, the evidence would hardly have been less conclusive if a suit had been brought against the other obligor, on the judgment recovered against him. And we contend, that if the presumption of payment arises in this case from the fact that the judgment was more than twenty years old when the present suit was commenced, no stronger or more conclusive evidence can be adduced to repel the presumption than that the judgment creditor on several occasions used all the means which the law had put into his hands to collect his judgment, but without success. How can the court presume a judgment to be paid which the plaintiff is industriously seeking to collect by process of execution.

II. We say that the presumption of payment does not arise at all in this case. With regard to sealed instruments it arises from the *apparent laches* of the creditor, where he does not appear to have taken any measures whatever; and it is for him, in that case, to show that the inference which is naturally drawn from appearances is an incorrect one. But if a bond creditor had been diligently seeking to collect his debt by suit, no person in his senses would insist that the court must presume payment because he had not been fortunate enough to succeed, or even to serve process on his debtor. The commencement of a suit is a good answer in the case of simple contracts, to the plea of the statute of limitations; all that the law requires is, that the process be issued with intent that it be served; and upon the same principle, evidence of the issuing of a writ upon a bond would be a good answer to the defense of payment resting on presumption from lapse of time: it would show that such presumption did not exist. (*Goldhawk* v. *Duane*, 2 *Wash.*

*C. C. Rep.* 323.) Most especially is it impossible to presume payment of a judgment when the plaintiff has been proceeding to the extremity of the law in endeavoring to collect his judgment. The language of the court in *Boardman* v. *Deforest,* (5 *Conn. Rep.* 1,) cited under the second point, is in accordance with this view. It was an action on a judgment, and the court say, in reference to the presumption of payment sought to be raised in that case, "A debt may be presumed to be satisfied, if *sufferered to lie dormant* for twenty years, if the forbearance is unexplained by circumstances which destroy the reason of the rule." But can the judgment be said to lie dormant when the creditor within the twenty years issues an execution to one county, and levies on property in the debtor's possession, which is claimed and is found to belong to his wife, and subsequently an execution into another county, on which the sheriff returns that he had made a portion of the debt?

III. As to the conclusiveness of the sheriff's return upon the fact of payment, in the absence of any proof of fraud or collusion, the court is referred to the passage in Cowen & Hill's notes to Philips' Evidence cited under the fourth point.

*By the Court,* MITCHELL, J. Judgment was obtained in May, 1823, in the supreme court, in favor of the plaintiff against Cairns and his co-defendant Henderson, who is impleaded with him, for $6776 debt and $14,20 costs. Execution was issued thereon in May, 1823, and $613,56 levied by the sheriff, as appeared by his return, and paid to the plaintiff. The sheriff returned *nulla bona* as to the residue of the debt. An *alias fi. fa.* was issued on the 18th of July, 1840, under which the sheriff of Kings county levied on goods which were claimed by Mrs. Cairns, the wife of the defendant, and a sheriff's jury found the title in her, and the execution was thereupon returned *nulla bona.* Another execution issued to the sheriff of New-York in the same month, and he collected and paid *to the plaintiff* $251,13, and returned *nulla bona* as the residue. These facts appeared only by the executions and the sheriff's return thereon. The returns of the sheriff to executions issued to him, are evi-

Henderson *v.* Cairns.

dence of any fact which he is bound to return. His official oath and his responsibility to the aggrieved parties, in case of a false return, and the presumption that a man in office when he has no interest (if he has an interest he cannot act) will honestly discharge the public duties which he has assumed, give to his official acts the weight of a judicial examination on oath. This evidence was therefore as admissible as if the sheriff had proved the same facts. They were also sufficient to repel the presumption, arising from lapse of time, that the judgment was paid. The defendant was unable to pay every time that an execution issued against him. One issued in May, 1823. Then only $613,56 was collected, and the sheriff could find no property to pay the residue of the debt; certainly the debt was not then paid. In July, 1840, two executions were issued; on one, a levy was made on property which the wife claimed, and which was held to be hers. Certainly the defendant then had notice of the judgment, and that an attempt was made to enforce it; yet he did not alledge, nor did his wife, that the judgment was paid, but only that the property levied on belonged to his wife. If it had been paid, the defendant or his wife could have applied to have that execution set aside, instead of only claiming the property of his wife. On the other execution the sheriff levied $251,13, and paid it to the plaintiff, and he could find no other property, to pay the residue of the debt. Thus the payment of a part of the debt, and the insolvency of the defendant in 1840, are both established, and cannot repel the presumption that the whole judgment was paid.

Our decision in *Waddell* v. *Elmendorf*, (12 *Barb.* 585,) was that the provisions of the revised statutes as to the only mode of repelling a presumption of payment of a judgment after twenty years, so far as they are new, do not apply to judgments rendered before the revised statutes took effect.

The judgment must be for the plaintiff, notwithstanding the bill of exceptions, with costs.

[NEW-YORK GENERAL TERM, June 11, 1852. *Edwards, Mitchell* and *Roosevelt*, Justices.]