JOHN CODDINGTON, EXECUTOR OF SUSAN AYRES, DECEASED, v. THOMAS CARNLEY, LATE SHERIFF.

When a case has been fairly submitted to a jury, their verdict will not be set aside merely because it seems to be against the weight of the evidence.

To justify the court in setting aside a verdict as being against the weight of evidence, the preponderancy should be so great as to warrant the conclusion that the verdict must have been the result of prejudice, passion, undue bias, or corruption on the part of the jury.

That their finding seems to be in opposition to the views expressed in the charge of the judge, affords no ground whatever for interfering with it.

When the evidence is conflicting, it is the right and province of the jury to determine the questions of fact submitted to them, uncontrolled by the court.

It seems, that the indorsement by the sheriff upon an execution, of a levy made under it, is an official act, and prima facie evidence of the facts stated.

An action to recover for goods wrongfully taken by a sheriff under an execution must be brought within three years from the day the levy was made.

But the period which may elapse between the death of any person and the granting of letters testamentary on his estate, not, however, exceeding six months, and the period of six months after such letters are granted, are not to be deemed a part of such limitation of three years.

AT SPECIAL TERM, *August* 25, 1858.

Motion for a new trial. The plaintiff, as executor of Susan Ayres, deceased, brought this action to recover the value of certain property claimed to have belonged to the testatrix, and which was levied upon and sold by the defendant, in his official capacity, by virtue of an execution against Samuel Carpenter. The defendant set up in his answer a justification for the taking under the execution; put at issue the title of the testatrix and the plaintiff to the property; and, as a distinct defence, claimed that the action had not been brought within three years after the cause thereof accrued. At the trial, evidence was introduced respecting the ownership of the property, and the time when it was levied upon and taken by the defendant. It also appeared that the testatrix died January 10th, 1851; that letters testamentary were granted to the plaintiff March 23d, 1853; and that this action was brought May 19th, 1854. The plaintiff's

testimony respecting the time the levy was made, consisted of several witnesses fixing the date from memory alone, unaided by any memoranda or circumstance calculated to impress the precise day upon their memory with any peculiar distinctness. They concurred, however, in testifying that the levy was made on May 23d, 1851, and that the goods were removed the following day. The witnesses on the part of the defendant, upon this point, consisted of the deputy sheriff who made the levy, and the person who was subsequently put in charge of the property, and afterwards assisted at its removal. The deputy testified from a memorandum made by him on the back of the execution at the time of the levy, and from which he was enabled to state positively that the levy was made on May 2d, 1851. Upon both of the questions thus presented as to the ownership of the property and the time the cause of action accrued, the jury, under a charge of Judge DALY, who tried the cause, calling their attention particularly to the issues to be determined, found a verdict for the plaintiff.

The defendant applied for a new trial on the ground that the verdict is against the weight of evidence, and especially that, as to the time when the levy was made and the cause of action accrued, it is contrary to the charge of the judge.

*John E. Burrill, Jr.*, for the motion.

*Levi S. Chatfield*, opposed.

HILTON, J.—It is very seldom that a verdict of a jury is disturbed upon these grounds, where the evidence has been fairly submitted; and although the case might show that the weight of the evidence seemed to be with the defendant, yet, to justify the court in setting the verdict aside, the preponderancy should be so great as not only to lead to the belief that injustice had been done, but also to warrant the conclusion that the verdict must have been the result of prejudice, passion, undue bias, or corruption. *Jackson v. Loomis*, 12 Wend. 27; Graham on New

Trials, 452; *Diblin* v. *Murphy*, 3 Sand. S. C. 19; *Keeler* v. *Fireman's Ins. Co.*, 3 Hill, 250; *Eaton* v. *Benton*, 2 id. 576; *Collins* v. *Albany & Schenectady RR. Co.*, 12 Barb. 492; *Lee* v. *Schmidt*, 1 Hilton R. 537.

In this case the questions determined by the jury were proper to be submitted to and passed upon by them; and although some reason exists for saying that the finding in respect to the time of the levy was contrary to the charge of the judge, yet that affords no ground whatever for interfering with the verdict. *Astor* v. *Union Ins. Co.*, 7 Cowen, 202. The indorsement of the levy on the execution was an official act of the deputy, and was *prima facie* evidence of the facts contained in it; standing alone, it would be conclusive; but, like all such evidence, it might be controverted by other testimony. Such was introduced in this case, and, taken in connection with the fact that the goods were sold by the defendant on June 3d, 1851, upon a previous notice of six days, and which notice it is reasonable to presume was given shortly after the removal of the goods, the jury evidently considered the testimony of the plaintiff's witnesses entitled to greater weight than that of the deputy sheriff, aided by his entry on the execution. *Glover* v. *Whittenhall*, 2 Denio, 633; *Cornell* v. *Cook*. 7 Cowen, 310.

The evidence, we have seen, was conflicting; but none of the witnesses were impeached, and it was the right and province of the jury to determine the questions presented for their consideration, uncontrolled by the court. I can therefore see no reason for disturbing their verdict upon the ground that it is against the weight of evidence.

In conclusion, I may be permitted to say that it seems to me undue importance was attached, not only at the trial but on the argument of this motion, to the testimony in respect to the particular day on which the levy was actually made by the deputy of the defendant. Whether it was made in the fore part or the latter part of May, 1851, ought not, in my judgment, to have any controlling influence in determining whether this action was brought within the time limited by statute.

It is true that this is one of that class of actions required to be brought within three years after the cause thereof accrued, and which would be the day the levy was made, (Code, § 92); but by § 9 of 2 R. S. 448, it is declared that the period which may elapse between the death of any person and the granting of letters testamentary on his estate, not exceeding six months, and the period of six months after the granting of such letters, shall not be deemed any part of the time limited by any law for the commencement of actions by executors.

Now, in this case it is assumed, and indeed proven by both sides, that the levy was actually made in *May*, 1851. The testatrix died in January previous. Letters testamentary were not issued within six months after her death, and consequently, by this provision of the Revised Statutes, the plaintiff might have brought his action at any time in May, 1851, or even several months later, and the Statute of Limitations would be no bar to his recovery. *Nelson* v. *Lounsbury*, 3 Barb. S. C. 125; *Babcock* v. *Booth*, 2 Hill, 181.

Motion for a new trial denied, with costs.