AUGUSTUS C. BECHSTEIN AND WILLIAM P. ROSS, APPEL-
LANTS, v. CHARLES A. SAMMIS, SHERIFF, ETC., RESPONDENT.

*Action against sheriff, for failure to return execution — return of, nulla bona after
commencement of action — effect of.*

After the commencement of an action, brought against the sheriff for a failure
to return an execution within sixty days, he returned the same indorsed *nulla
bona.* Upon the trial the plaintiff proved the issuing of the execution, and its
return and indorsement after the commencement of the action. *Held,*
That as the return was made by a public officer of an official act he was bound
by law to make, it was evidence in favor of the officer making it.
That its admissibility was not affected by the fact that it was made after the com-
mencement of the action.
That as the plaintiffs did not contradict the return, he was entitled to recover
only nominal damages.

APPEAL from a judgment for costs in favor of the defendant,
entered upon the report of a referee.

*Edward J. Cramer,* for the appellants.

*John J. Armstrong,* for the respondent.

BARNARD, P. J. :
The plaintiffs, on the 28th September, 1875, recovered a verdict
against Henry Hodfield and John W. Hodfield for $3,071.04. On
the next day an execution was delivered to the sheriff of Queens
county, where a transcript of the judgment had been filed. The
sheriff did not return the execution within the sixty days. The plain-
tiffs brought this action against him for this neglect. After the action
was brought, and before its trial, the sheriff returned the execution
to the clerk's office with his return of *nulla bona* indorsed thereon.
Upon the trial the plaintiff proved the judgment, the issuing and
delivery to the sheriff of the execution, and produced and read
in evidence a certified copy of the execution so returned, with the
indorsement thereon. The plaintiff offered no other evidence, and
the referee gave judgment for the plaintiff for six cents. The
plaintiff appeals, and the only question presented is as to the effect

of the sheriff's return. The return was made by a public officer of an official act he was bound by law to make. Such return is evidence in favor of the officer making it. (*Browning* v. *Hanford*, 5 Den., 586; *Board of Water Commissioners* v. *Lansing*, 45 N. Y., 19; *Russel* v. *Gray*, 11 Barb., 541; *Henderson* v. *Cairns*, 14 Barb., 15.) It is evidence, notwithstanding it was made after the commencement of the action. (*Glover* v. *Whittenhall*, 2 Den., 633; *Birkbeck* v. *Stafford*, 14 Abbot Pr. Rep., 285.) When the plaintiff rested he had proven a cause of action against the sheriff, and that he had suffered only nominal damages.

It was competent for him to have contradicted the return, which is only *prima facie* evidence of its truth. Not having done so, the judgment is right, and should be affirmed with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.