Van Vorst, J.
Two of the defendants only have answered the complaint, and contest the plaintiff’s right to succeed in this action—the daughter and granddaughter of the intestate debtor, by his first wife.
The administrator of the estate of the judgment debtor, and the defendants, other than the two above alluded to, have suffered a default by a failure to answer, and' have not appeared on the trial.
Some objections are taken by the two defendants who have answered, growing out of alleged irregularities in respect to the execution issued upon the judgment more than ten years ago.
But in Everingham v. Vanderbilt (51 How. Pr. 177*), it was decided that no execution was necessary preliminary to an action of this nature, and I adhere to the opinion there expressed.
Those objections therefore fall.
The statutes of limitations, and payment, or rather presumption of payment, through lapse of time, are plead as defenses by the same defendants. Other defenses are also interposed by them, but the result reached "with respect to the two defenses above specified, dispenses with the necessity of considering the others, except incidentally.
The plaintiff’s action is founded upon the judgment perfected on November 14, 1853.
An action upon a judgment must be commenced within twenty years (Code, § 90).
The twenty years limitation was reached on November 14, 1873.
This action was commenced by the service on the defendant Catherine Yanderbilt, of the summons on May 11, 1875, nearly eighteen months after the expiration of the twenty years.
*130 There is a contention as to when the summons was served upon the granddaughter, but it is not necessary to examine that question in view of the other objections. The force of this objection as to the defendants answering, is sought to be avoided, on the ground, as is claimed, that they are sued as the heirs at law of the intestate, and that, as against them, the action could not have been brought within the three years from November 9, 1868, the day of granting letters of administration to Edward W. Vanderbilt, upon his father’s estate, during which time it is urged the statute did not run (R. S. 109, § 53).
With respect to actions against executors or administrators, it is expressly provided by statute that the term of eighteen months, from and after the death of any testator, or intestate, shall not be deemed any part of the time limited by law for the commencement of actions against them (2 R. S. 448, § 8; Parker v. Jackson, 16 Barb. 33).
There is no such suspension by statute, of the operation of the statute of limitations during the three years in which the heirs of a judgment debtor may not be sued. t
The only statutory exception as to persons under disabilities is contained in section 101 of the Code of Procedure, and the disability in question is not alluded to in any form. But the counsel for the plaintiff cites the cases of Van Wezel v. Wyckoff (3 Sandf. Ch. 530), and Wood v. Wood (26 Barb. 356-364). These cases, hold that the statute of limitation does not run during the three years in which no action can be brought against the heirs, and these adjudications must be considered as conclusive here.
But, although, the plaintiff has brought in all the heirs of the intestate debtor as parties defendant, I do not regard this as an action which he was precluded from bringing before the expiration of three years *131 from the time of granting administration. The heirs of a person who shall have died intestate are made liable by statute, for the debts of such person to the extent of the estate, interest and right in real estate, which shall have descended to them (2 R. S. 452, § 32).
In all such actions the complaint should show the real estate so descended (page 454, section 44), and the judgment to be entered should specify the amount sought to be recovered against the defendant for debt, damages and costs (section 53).
It is suits to enforce such liabilities of heirs which are prohibited from being brought within three years from the time of granting administration upon the estate of the intestate (Butts v. Genung, 5 Paige, 254; Roe v. Sweezy, 10 Barb. 247).
Each creditor must sue for himself (Schermerhorn v. Barhydt, 9 Paige, 45), and it is improper in such action to join the personal representatives with the heir (Mersereau v. Ryerss, 3 Coms. 261).
Now the present action is not brought to recover a debt of the intestate from his heirs. No personal judgment is asked against them. The relief sought is that the.assignment of the two leases made by the administrator to his mother may be declared fraudulent and void as against the creditors of the estate of the intestate, and that the leases be declared assets belonging to the estate, and subject to the payment of debts against the intestate.
The statute was not designed to interpose any obstacle to the prompt bringing of such action, and which delay would prejudice, and it forms no answer to the objection raised by these defendants, that the action upon the judgment was not brought within twenty years.
The other defense, arising under 2 Rev. St. 301, § 47, is of a different nature.
By that section of the statute, every judgment is *132 presumed to be paid and satisfied after the expiration of twenty years from the time of signing and filing the same. Such presumption may, however, be repelled by proof of payment, or of a written acknowledgment of indebtedness, made within twenty years, of some part of the amount; in all other cases the presumption is conclusive. Although this section of the statute has been much considered and discussed by the counsel for both parties, it has been assumed to be in force. No suggestion has been made to the contrary by the plaintiff’s counsel; yet in a preliminary note to the article in which this section is contained, in the 5th and 6th editions of the Revised Statutes, a doubt is suggested upon the subject. I am of opinion, however, that the provisions in "question, with respect to “ presumptions of payment arising from lapse of time,’? are still in force.
No proof, whatever, has been given by the plaintiff, of any payment on the judgment, or of any written acknowledgment of indebtedness, as is required by the statutory provision under consideration. The counsel for the plaintiff, however, contends that the presumption may be repelled by evidence of circumstances, showing that the judgment has not, in fact, been paid, and, in support of this view, reference is made to the issuing of an execution upon the judgment, and its return unsatisfied; also to an affidavit made to be used in obtaining an order for the issuing of the execution.
The plaintiff’s counsel also refers to Austin v. Tompkins, 3 Sandf. 22, 24; Henderson v. Cairns, 14 Barb. 15. But these cases concern judgments recovered before the Revised Statutes, and they are expressly excluded from the operation of the section in question (Waddell v. Elmendorf, 10 N. Y. 170). As to judgments recovered since the statutes, the presumption of payment can be repelled in no way other than that expressly mentioned. And there is no such evi *133 deuce. I am referred to no case which relieves the plaintiff’s case from the operation of this statute.
This presumption faces the plaintiff, when he offers the judgment in evidence upon the trial, and must be repelled in a legal way. It is a question of payment or no payment. It relates to the quality of the evidence competent to rebut the presumption of payment so arising. In equity, lapse of time operates only by way of evidence, as affording a presumption of payment (Livingston v. Livingston, 4 Johns. Ch. 287; Giles v. Baremore, 5 Id. 546).
The period when this presumption arises has not been extended to meet the plaintiff’s case, either by statute or adjudication, in so far as I am able to discover.
The defense arising from presumption of payment is not raised by a plea of the statute of limitations, but in actions at law must be plead distinctly as payment (Henderson v. Henderson, 3 Denio, 314).
The answers of these two defendants do not in words allege that the judgment has been paid. They plead the presumption of payment from lapse of time. But no objection has been taken to the form of the pleading, nor to the right of these defendants to present their defense thereunder.
In Giles v. Baremore (supra), the defendant had not plead payment, nor even presumption thereof ; he alleged his ignorance as to whether the debt had been paid or not.
This, I suppose, is all the defendants in this case could do, except to allege the presumption of payment.
They could not have any personal knowledge of the dealings of the intestate with his creditors.
But the chancellor, in Giles y. Baremore, held that the allegation was sufficient to entitle the defendant to raise the objection at the hearing, of a presumption of *134 payment of the debt. He said, “ These presumptions, to be drawn by the Courts, in the case of stale demands, are founded in substantial justice, and the clearest policy. . . . Claims, the most solemnly established upon the face of them, will be presumed to be satisfied after a certain length of time. ... A Court of Equity makes the presumption on the facts before it.”
There is -no hardship or injustice done in upholding both the defense of the statute of limitations, and in applying the presumption of payment of the judgment.
There is nothing discernible in the plaintiff’s case, which calls upon a court of equity to nullify the statutes, or dispense with the proof required to entitle him to recover. The plaintiff claims to have purchased the judgment in question in the year 1872,—nineteen years after it was recovered,—for the consideration of $100, and seeks to enforce the payment out of the assets of the estate in question, although it now amounts, principal and interest, to many thousand dollars.
This consideration of $100 was neither furnished nor paid by him ; it was paid by and with the funds of others.
It is not clear from his own evidence on the trial that he is responsible to any person for the same, or that he has a substantial personal interest in the action.
The person who assigned the judgment and who had, in fact, forgotten that he owned it, until his attention was called to it by a brother of the administrator, and who is a defendant herein, supposed, when he assigned it, that he was doing so for the benefit of the estate of the intestate. The brother of the administrator applied to him for the purchase thereof upon such allegation. The plaintiff, to whom the judgment was assigned, when the $100 was paid, was unknown to the assignor in the transaction.
The attention of the plaintiff was called to the judgment by the same brother of the administrator.
*135 The administrator is charged in this action with having disposed o£ the leases, the subject of this action, illegally, in fraud of the creditors of the intestate and parties in interest, and yet the administrator and his brother resisted an action brought by another creditor to reach these leases, on the ground that they had been illegally and fraudulently disposed of by the administrator, and to compel their application in due course of administration of the estate of the intestate (Everingham v. Vanderbilt, supra).
And yet the administrator and his brother, defendants herein, interpose no defense to this action.
They do not even raise the question of the staleness of the demand.
I cannot fail to discover in this action circumstances which point with reasonable certainty to collusion between the plaintiff, the administrator, and the heirs, other than the defendant Elizabeth Vanderbilt and Margaret E. Armstrong, to fasten a stale claim upon the estate of the intestate, to the prejudice of at least two of the defendants, and the creditors of the intestate, with a prospect of pecuniary advantage to themselves.
The scheme, in itself meriting no favor from a court of equity, fails of success through the staleness of the claim.
The defense of the statute of limitations, and presumption of payment from lapse of time, interposed by these defendants, is available to them (Mooers v. White, 6 Johns. Ch. 360).
Brought into the action as defendants, they have thus been afforded an opportunity to interpose their defenses, which go to the foundation of the plaintiff’s claim, and through them to protect the estate, creditors and themselves.
The plaintiff’s complaint should be dismissed, with costs.
There was no appeal.

 This case was affirmed at general term, October, 1877. 12 Hun, 75.