MARY J. ADAMS, Respondent, v. MARIA A. FASSETT and Others,
Appellants.

*Action to charge devisees with a debt of their testator — effect of section 1848 of the
Code of Civil Procedure — debt upon a promissory note — the ten and six years'
limitations — extension by a statutory stay of action.*

The effect of section 1848 of the Code of Civil Procedure is to enlarge the rights
of creditors of a decedent, by permitting recoveries against devisees for debts of
their testator when it appears that the plaintiff will be unable with due diligence
to collect his debt, by proceedings in the proper Surrogate's Court, and by
action against the executor or administrator.

*Semble,* that an action brought to charge devisees, to the extent of the real prop-
erty devised to them (Code Civ. Proc. § 1843), with a debt of their testator
upon a promissory note, is one which falls within section 388 of the Code of
Civil Procedure, which provides that an action referred to therein must be com-
menced within ten years after the cause of action accrues.

If, however, such an action is controlled by section 382 of the Code, which pro-
vides that actions mentioned therein must be commenced within six years after
the cause of action has accrued, that period is subject, by force of section 406
of the Code, to extension by the three years' statutory stay from the death of
the testator imposed by section 1844 of the Code.

An action brought against devisees, to charge them with debts of their testator
upon two promissory notes made by him, was commenced February 10, 1892. It
appeared that the last payments made upon the notes by the testator or in his
behalf were payments of interest on June 2, 1884, and August 5, 1884, respectively.
The testator died October 1, 1884; his will was admitted to probate May 31, 1891,
and letters of administration with the will annexed were issued January 20, 1892.

*Held,* that whichever Statute of Limitations was applicable, it must be regarded
as having commenced to run at the last payments on the notes in 1884;

That the case was controlled either by the ten years' limitation of section 388 of
the Code of Civil Procedure, or by the six years' limitation of section 382 as
extended to nine years by the three years' stay from the death of the testator
imposed by section 1844;

And, hence, that the action was commenced in time.

APPEAL by the defendants, Maria A. Fassett and others, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of Jefferson county on the 12th day of June,
1893, upon a decision of the court rendered after a trial by the
court at the Jefferson Special Term.

The action was brought against the devisees under the last will
and testament of John Fassett, deceased, who died October 1, 1884,
leaving a will devising to the defendants lands which are described

in the complaint, to enforce the liability for the debts of the testator declared by section 1843 of the Code of Civil Procedure. The debts are upon two notes given to the plaintiff in 1878 by the testator and his son Milan Fassett.

The answer of the defendants contains several denials, and then states as follows : "Allege that the said several supposed causes of action therein set forth did not, nor did any or either of them, accrue at any time within six years next before the commencement of this action, nor within six years and such additional time as is allowed to the plaintiff for the commencement of this action by reason of the death or the failure to issue letters testamentary on the will of John Fassett, deceased." The will of John Fassett was admitted to probate May 31, 1891, and letters of administration with the will annexed were issued to Maria A. Fassett January 20, 1892, and this action was commenced the 10th of February, 1892. It is found as a fact that the assets of the deceased were not sufficient to pay plaintiff's debts, and that she "will be unable, with due diligence, to collect her debt by proceedings in the proper Surrogate's Court, or by an action against the administrator with the will annexed, or legatees or next of kin of said deceased ;" and that the deceased left "no real estate which descended to his heirs." It is found as a fact, viz.: "That prior to the death of John Fassett the interest was paid on said notes annually by said testator or his son Milan as his agent in his (testator's) behalf and indorsed thereon, the last indorsement prior to his decease being dated June 2, 1884, and August 5, 1884, on said notes respectively." The court awarded judgment in favor of the plaintiff for the amount of the notes "and declaring the same to be a lien upon and collectible out of the real property described in the complaint, with costs, such recovery to be apportioned in the manner prescribed by law between the defendants according to the value of their several devises."

*Brown & Adams,* for the appellants.

*Rogers & Atwell,* for the respondent.

HARDIN, P. J. :

Section 1843 of the Code provides that "Devisees of a testator are respectively liable for the debts of the decedent, arising by sim-

ple contract, or by specialty, to the extent of the estate, interest and right in the property, which   *   *   *   was effectually devised to them by the decedent."

In *Read* v. *Patterson* (134 N. Y. 130) the history of the legislation leading up to the enactment of section 1843 of the Code is given, and at page 136 of the opinion it is said that it is quite apparent that section 1848 of the Code enlarges the rights of creditors by permitting recoveries "when it appears that the creditors will be unable, with due diligence, to collect their debts by proceedings in the proper Surrogate's Court, and by action against the executor or administrator." The defense of the Statute of Limitations interposed must fail if we follow *Mortimer* v. *Chambers* (63 Hun, 342) and the cases there cited. (See, also, *Hulbert* v. *Clark*, 128 N. Y. 295; Code, § 388; *Mead* v. *Jenkins*, 27 Hun, 573; S. C. affd., 95 N. Y. 31; *Malloy* v. *Vanderbilt*, 4 Abb. N. C. 130.)

(2) The essential facts found by the trial judge seem to be supported by the evidence.

The judgment should be affirmed, with costs.

MARTIN, J.:

The evidence that the interest was paid on the debt or notes which were the basis of this action, by the testator, or for him, up to 1884, was not as full and complete as might be desired. That the interest was paid there is no doubt. But that it was paid by or for the testator is not so clear. Still I am disposed to think that it was sufficient to sustain the finding of the court upon that question. Hence, in considering whether this action was barred by the Statute of Limitations, the statute must be regarded as having commenced to run in 1884.

The trial judge held that the action was not barred, as it was governed by section 388 of the Code, and could be brought within ten years after the statute commenced to run. The cases of *Wood* v. *Wood* (26 Barb. 356); *Salisbury* v. *Morss* (7 Lans. 359; affd., 55 N. Y. 675), and *Mortimer* v. *Chambers* (63 Hun, 335) sustain that conclusion.

If, however, the ten years' limitation was not applicable, and the action was controlled by section 382, which provides that the actions herein mentioned shall be brought within six years, still the action

was not barred. Section 406 provides that where the commencement of an action has been stayed by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of an action. By referring to section 1844 it will be seen that this action could not have been brought until after three years had elapsed since the death of the decedent. Thus the action was stayed by statutory prohibition for that period, and the three years during which it was thus stayed was not a part of the time limited for its commencement. Hence, the plaintiff, in effect, had nine years from the time of the last payment within which to bring this action. (*Mead* v. *Jenkins*, 27 Hun, 570; S. C., 29 id. 253; *Mortimer* v. *Chambers*, 63 id. 344; *Malloy* v. *Vanderbilt*, 4 Abb. N. C. 127, 130.)

I think the judgment should be affirmed.