GEORGE W. MEAD, Respondent, v. MARY E. JENKINS et al., Appellants.

Where in proceedings by a creditor for the sale of the real estate of a deceased person the statute of limitations is set up as a bar to the creditor's claim, as by the provisions of the statute authorizing the proceedings (§ 72, chap 460, Laws of 1837, as amended by chap. 172, Laws of 1843, and chap. 298, Laws of 1847), they cannot be commenced until after the accounting of the executor or administrator, the time between the death of the decedent and the accounting of the executor or administrator should not be included as part of the time limited (Code of Civil Procedure, § 406).

In such proceedings it appeared that the real estate of the decedent had been sold under a judgment in a partition suit, but that at the time of the sale the purchaser was notified of the petitioner's claim. *Held* that the provision of the statute (§ 72, *supra*, as amended by chap. 211, Laws of 1873), prohibiting the sale in such proceedings of real estate, the title to which has passed out of any heir or devisee to a purchaser in good faith and for value, unless the application for the sale shall be made within three years after the granting of letters testamentary or of administration, did not apply ; that the purchaser having bought with full knowledge was not a purchaser in good faith.

As to whether the provision of the Revised Statutes (2 R. S. 109, § 53), forbidding the bringing of an action against the heirs or a devisee until after the expiration of three years from the granting of letters, applies to such proceedings and so takes the three years out of the operation of the statute of limitation, *quære.*

(Argued January 29, 1884 ; decided February 8, 1884.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 13, 1883, which reversed an order of the surrogate of the county of Westchester denying an application of George W. Mead, a creditor holding a claim against the estate of John P. Jenkins, deceased, for an order requiring the administrators of said estate to show cause why they should not mortgage, lease or sell the real estate, of which the decedent died seized, for the payment of his debts. (Reported below, 27 Hun, 570.)

The claim was a promissory note, which fell due February 11, 1871 ; the intestate died March 19, 1871. Letters of ad-

ministration were issued April 14, 1871. The administrators accounted October 17, 1877. This proceeding was commenced February 6, 1880. The heirs and administrators appeared and set up the statute of limitations as a bar; also that the real estate had been sold and the title had passed out of the heirs, under a judgment in a partition suit. The applicant appeared at the partition sale, and before the premises were struck off read a written notice, setting forth his claim against the real estate and his intention to enforce it.

*M. L. Cobb* for appellants. The recognition of the debt by the administrators in paying the sum of $355 on the petitioner's claim does not preclude the heirs from availing themselves of the statute of limitation. (*Bloodgood* v. *Bruen*, 8 N. Y. 362; *Sharp* v. *Freeman*, 45 id. 806.) As to the heirs at law the claim was barred and the proceedings were properly dismissed by the surrogate. (Code, §§ 380, 382, 414, 2516, 2517; *Ferguson* v. *Broome*, 1 Bradf. 10; *Gilchrist* v. *Pea*, 9 Paige, 66, 73; *Renwick* v. *Renwick*, 1 Bradf. 234, 238.) The Supreme Court had acquired jurisdiction of the subject-matter, being the land in question, some nine months before the proceedings before the surrogate were commenced. (*Edwards* v. *McJimmey*, 1 Edw. Ch. 551.) The clear intention of the Partition Act is to convert the land into money, and to transfer all liens and claims from the land to the proceeds; and when the proceedings are properly conducted, and all persons required to be made parties are before the court, and every proceeding known to the law to conclude other persons interested is taken, the effect of the sale is to give the purchaser a clear title, discharged from all liens, claims, and demands whatsoever. (*Harwood* v. *Kirby*, 1 Paige, 472; *Dunham* v. *Menard*, 4 id. 441; *Hyde* v. *Tanner*, 1 Barb. 75; *Hall* v. *Partridge*, 10 How. 188; *Mathews* v. *Mathews*, 1 Edw. 565; *Spring* v. *Sandford*, 7 Paige, 550.)

*Stephen S. Marshall* for Robert C. Jenkins, appellant. The statute of limitations commenced to run against the note in suit from the date thereof, and an action thereon against the

maker is barred thereby if not brought within six years from its date. (*Wheeler* v. *Warner*, 47 N. Y. 519.) There was an unreasonable delay in this application. (*Raynor* v. *Gordon*, 23 Hun, 264; *Ferguson* v. *Broome*, 1 Bradf. 10.) The respondent when bringing his action against the administrator should have filed a notice of pendency of action. The purchaser in partition, in examining his title, would have then had notice of the claim, and could have rejected the title. (*Ball* v. *Miller*, 17 How. 300.)

*Josiah T. Marean* for respondent. The original claim against the deceased, and not the judgment against the administrator, must be proved as against the real estate. (R. S. [Bank's 6th ed.], Chap. on Sales of Real Estate, §§ 10, 14, 60 * ; *Sharpe* v. *Freeman*, 45 N. Y. 802.) Prior to the Code of Civil Procedure special proceedings were held to be limited only by analogy to actions for substantially similar relief, on the same principle that actions for equitable relief were formerly held to be barred if the concurrent remedy at law was barred. (*People* v. *Sup. Westchester Co.*, 12 Barb. 450 ; *Borst* v. *Corey*, 15 N. Y. 505; *Rundell* v. *Allison*, 34 id. 180 ; *Bunce* v. *Tillson*, 25 id. 194 ; *Loder* v. *Hatfield*, 71 id. 103–4 ; *Amer. Bible Soc.* v. *Hebard*, 51 id. 552, 570 ; *Smith* v. *Remington*, 42 Barb. 75.) The action against heirs for simple contract debts of their ancestors, is an action upon a liability created by statute. The heirs were not liable at common law for simple contract debts. 4 Kent's Com. 419–420; 3 Bl. Com. 4, 330; Bing. on Des. 247.) The statute did not commence to run against the proceeding until the accounting in 1877. (Old Code, 105 ; new Code, §§ 406, 2750.) The order of the General Term is an order in a special proceeding, it is not a final order, and is not appealable to this court. (Code, § 190, subd. 3 ; *Matter of Auchmuty*, 79 N. Y. 622 ; *Roe* v. *Boyle*, 81 id. 305.)

*Per Curiam.* The question to be determined in this case is whether the surrogate erred in dismissing the proceedings for the sale of the real estate of the intestate, upon the ground

that the claim was barred by the statute of limitation. The claim was due February 11, 1871, and the intestate died March 19, 1871. Letters of administration were granted April 14, 1871. The proceedings in question were commenced February 6, 1880. The administrators accounted on the 17th day of October, 1877, and the petitioner received $355 on account of his claim against said estate, being his share of the personal assets in the hands of the administrator.

The limitation within which an action could have been commenced upon the plaintiff's demand was six years. The term of eighteen months after the death of a testator or intestate is not a part of the time limited for the commencement of an action against the executor or administrator. The proceedings here could not be commenced until after the accounting, and hence the statute did not commence to run until the accounting in 1877. The proceeding was commenced on February 6, 1880, about two years after the accounting, and the statute had not then run so as to constitute a bar. The creditors could not have compelled an accounting until eighteen months after the granting of letters, and until such an accounting plaintiff could not institute these proceedings, and they could not be commenced until the lapse of eighteen months from the intestate's death and such further time as intervened between the death and the granting of letters, and also such time as might be consumed in actually compelling an accounting. It may be added that the proceedings having been stayed by statutory prohibition, the time of the continuance of the stay was not a part of the time limited for the commencement of the same. (Code of Civ. Pro., § 406.) The provisions of the statute (R. S., § 60, title 4, chap. 6) that no real estate, the title to which has passed out of any heir or devisee of the deceased by conveyance or otherwise to a purchaser in good faith and for value shall be sold by virtue of the provisions of this act &ast; &ast; &ast; unless application be made for such sale within three years after the granting of such letters of administration, has no application to this case, for the reason that the purchasers were notified at the sale of the plaintiff's claim, and having pur-

chased, with full knowledge of its existence, they cannot be considered as purchasers in good faith. It is claimed that the action against the heirs could not have been brought until after the expiration of three years, under section 53, Revised Statutes, from the granting of letters, and that these three years should be added to the six years. Inasmuch, however, as there was error in the surrogate's decision upon the ground already stated, it is not necessary to consider whether the statute cited relates to the proceedings to sell the real estate.

The order should be affirmed, with costs.

All concur.

Order affirmed.