WESTCHESTER COUNTY.— HON. OWEN T. COFFIN, SURROGATE.—October, 1884.

MEAD *v.* JENKINS.

*In the matter of the estate of* JOHN P. JENKINS, *deceased.*

A creditor of a decedent cannot, at his own option, divide up his claim, placing a portion as a demand against the personal, and the remainder as against the real property. An administrator of a decedent's estate,

having no power over the realty, an arrangement to such an effect, entered into by a creditor with him, would be void as against the heir. Where the claim of a creditor of a decedent has been fixed in amount by the decree of a Surrogate's court, rendered upon an accounting to which he was a party, he is concluded thereby, in a proceeding subsequently instituted by him for the sale of decedent's real property, in order to procure the payment of an unpaid balance of the claim.

THE claim of the petitioner was rejected by this court in an earlier stage of the matter (4 *Redf.*, 369), as being barred by the statute of limitations.   That decision was finally reversed (95 *N. Y.*, 31), and the matter remitted to this court.   It appears that, on the accounting of the administrators, Mary E. Jenkins and Stephen W. Sherwood, it was stated, in the account of proceedings, in regard to this claim, as follows: "George W. Mead's claim $1,000 and interest; he has some collateral security, and has compromised as to his demand against the personal estate at $500, reserving his right to go against the real estate, if his collateral security should fail to pay his demand in full."

The claim was fixed by the decree at $500.   Other facts are sufficiently stated in the opinion.

M. L. COBB, *for widow and infant heirs :*

Insists that the applicant's claim should be rejected, because he has been guilty of an unreasonable delay in attempting the recovery of it, as against the realty; and cites Ferguson v. Broome (1 *Bradf.*, 10).

J. H. GOODMAN, *for R. C. Jenkins, adult heir:*

Insists that the applicant is entitled to recover, only on the basis of the amount fixed by the decree on accounting; and cites Skidmore v. Romaine (2

*Bradf.,* 122); Estate of James Burke (1 *Parson's Select Cas.* [*Penn. R.*], 470).

J. T. MAREAN, *for petitioner.*

THE SURROGATE.—I think the fact that a decree was made on accounting in October, 1877, fixing the amount due to Mead at $500, and according to him a *pro rata* share of the personal estate, on that basis, and which was paid to and receipted for by him, precludes him, in this proceeding, from the recovery of a larger sum.   It is true, the administrators stated, in their account of proceedings, that he had presented a claim for $1,000 and interest, but had some collateral security, and had compromised as to his demand against the personal estate at $500, reserving his right to go against the real estate, if his collateral security should fail to pay his demand in full.   With whom did he make this compromise ?   The administrators could make no arrangement affecting the realty, and there were two minor heirs, who could not bargain or be bound by any like agreement.   It seems to me his plain duty was to have presented his whole claim then, and, if there were sufficient funds to pay it, to have thereupon surrendered his collaterals ; and, if not, then to have held them, in order to secure the deficiency.   He cannot thus, at his own option, divide up his claim and place so much as a demand against the personalty, and so much as against the realty.   The rule is that personalty is to be first applied to the payment of debts, and when that is insufficient and shall have been applied *pro rata,* then, and not until then, the real estate may be

resorted to. The personalty, on the accounting, with his claim fixed at $500, paid a dividend of 71 per cent., or $355 on this $500, leaving a deficiency of $145. Had his claim been fixed at $1,000, the dividend would have been 50 per cent., or $500 of this $1,000. If he had a right to so divide his claim, it will result in charging the real estate with $145 more of it than if this had not been done.

The amount divided among creditors on the accounting was $995.36, and the amount of the claims was $1,401.92. Aside from the deficiency of $145, on Mead's claim of $500, it left a further deficiency of $361.56 on the other claims established, none of which have been presented before me in this proceeding. If the other creditors have been paid their claims for deficiency, or abandoned them, then this debt, if allowed, as against the realty, would be $645, and interest, instead of $500, and interest. But it was held, when this case was formerly before me (4 *Redf.*, 352), that it was unnecessary for the petitioner to set forth the outstanding debts, as they were determined by the decree on the accounting, which must precede his application. That decree having fixed the amount of the outstanding debts, they cannot now be adjudged larger than they were then, although they may be fixed at less, as having been reduced by payments, or the like. The applicant bases this proceeding upon the fact that there had been an accounting, and he must abide by its result.

In Skidmore v. Romaine (2 *Bradf.*, 122), Surrogate BRADFORD well said: "It would be an anomaly to allow a greater debt against the real estate than can

be demanded or has been established against the personal representatives. The personal estate is the primary fund, and the measure of recovering against the realty cannot exceed that against the personalty, though it may be less."

It is insisted by counsel for the heirs at law that, in a case like this, the application should be made within a reasonable time, without regard to the question of the statute of limitations; that the applicant's claim should be rejected, because of his unreasonable delay in making an attempt to enforce its recovery. The Court of Appeals held, in this case (95 *N. Y.*, 31), in substance, that the running of the statute was suspended until the account was actually rendered by the administrators, under the provisions of § 406 of the Code, which, in terms, applies only to "actions;" and that the neglect of the creditor, after the lapse of eighteen months from the date of the letters, to exercise his right to an accounting, would not affect such suspension. It does not become me to question or criticise the correctness of the position; but if the statute of limitations cannot be successfully interposed against the claim, then it could not be properly resisted on the ground that an effort to recover it, had not been made within a reasonable time.

The claim of the applicant is fixed at $145, together with interest thereon from the date of the decree on the accounting, October 17th, 1877. Of course, if he shall be paid the amount so fixed as due to him, there can be no reason on his part for further prosecuting this proceeding. No costs are allowed.

Decreed accordingly.