In the Matter of the Application of JOSEPHINE B. BURDICK, Administratrix, for disposition of the real property of decedent for the payment of debts.

*(Surrogate's Court, Herkimer County, Filed July 23, 1891.)*

EXECUTORS AND ADMINISTRATORS—SALE OF REAL ESTATE—LIMITATION.

In 1882 decedent gave a note for $1,000, payable in one year, and died in 1887. Letters of administration were granted December 19,

1887, and the claim upon the note was presented and allowed, and a payment made thereon on the final accounting in 1890, the personalty being insufficient to pay the debts. In a proceeding for distribution of a surplus arising from a foreclosure sale of the realty, *held*, that the claim was barred by the statute of limitations.

(Church v. Olendorf, 49 Hun, 440, 19 St. Rep. 700, followed.)

On April 1, 1882, Byron L. Huntley made, executed and delivered his note as follows:

"$1,000.                    WEST WINFIELD, April 1, 1882.

"For value received I promise to pay J. Frank Huntley or bearer, one thousand dollars with use one year from date.

"BYRON L. HUNTLEY."

The note was transferred by Huntley to, and is now the property of Esther A. Bentley. On May 1, 1887, Byron L. Huntley died intestate, leaving a widow and several minor children.

On December 18, 1887, letters of administration were issued to Josephine B. Huntley, the widow of the intestate, and Vose W. Palmer. The administrators advertised for claims against the estate of decedent for six months, commencing November 29, 1888. On the 24th day of June, 1889, Vose W. Palmer, one of the administrators, filed a petition for a final settlement of the accounts of the administrators, and such accounting was thereafter had, the account having been filed, November 6, 1890, and a decree settling the accounts of the administrators was filed and entered in the surrogate's office on that day. By the account and decree made thereon it appears that the administrators received in assets the sum of $980; that claims of creditors had been presented and allowed, including the claim of Esther A. Bentley, to the amount of $1,850.09; and that there was $241.73 in their hands which by said decree was ordered paid to said creditors ratably.

This proceeding for the disposition of the real property of the deceased for the payment of debts was commenced November 10, 1890, by the administrators, by filing a petition in this court, which alleged, among other things, that the deceased was the owner in his lifetime of certain real estate upon which was

a mortgage which, subsequent to his death, was foreclosed; and a surplus arising therefrom amounting to $1,101.41, paid to the county treasurer of this county; that the debts of decedent amounted to $1,608.36, exclusive of interest, and that the personal property of decedent was insufficient to pay his debts. That the decedent left a widow, one of the petitioners, and three minor children, his heirs, named Lee Huntley, Adell Huntley and Estella Huntley. Upon the hearing for the proof of claims in this proceeding, Esther A. Bentley appeared, and upon offering proof of her claim the special guardian of the infants, heirs, filed and interposed an answer pleading the statute of limitations, viz.: "That the cause of action and claim now presented as aforesaid arose and accrued more than six years before the commencement of these proceedings." Proof was given of the making and ownership of the note, that it had been presented to the administrators and admitted by them to be a valid claim, and that upon the final accounting they had paid upon the note $232.29.

Charles D. Thomas for creditor Esther A. Bendley; A. B. Steele, special guardian, for heirs.

SHELDON, S.—The only question in this case is whether the right to the relief sought by the creditor in this proceeding is barred by the statute of limitations.

The statute of limitations affects only the remedy. Kincaid v. Richardson, 25 Hun, 237; Rogers v. Murdock, 45 id. 30, 9 St. Rep. 660; Rose v. Henry, 37 Hun, 397; Johnson v. A. & S. R. R. Co., 54 N. Y. 416.

In the cases of Kincaid v. Richardson and Rose v. Henry it is held that the statute of limitations only affects the remedy by action, and that execution may issue on a judgment, although an action thereon would be barred by the statute. It is also held in Rose v. Henry that statutes of limitation must be strictly construed, and it would seem to be the duty of the court to save the claim from the bar of the statute, unless it appears that the

clear and necessary construction of the various provisions applicable forbids.     Section 352 of the Code of Civil Procedure provides that an action upon a contract obligation or liability, or an action to recover upon a liability created by statute, must be brought within six years, and "special proceeding" may be read for action in the same provision.     Section 415 of the Code of Civil Procedure provides that "the periods of limitation prescribed by this chapter, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or defendant in the particular action or proceeding."

In this case a right to maintain an action (not a special proceeding) arose April 4, 1883, against the decedent, and had he lived that right of action would have existed six full years and have been as perfect the last day of the six years as the first. Huntley died May 1, 1887, and personal representatives were appointed who took title to his personal property and who were liable to be sued in the place of decedent upon the cause of action against him.     The right to that relief was based simply on the fact that Huntley had not performed what he had contracted to do; and the relief to be sought was the judgment of the court that the plaintiff recover the sum which Huntley had contracted to pay.     It did not become necessary in this case for the creditor to obtain a judgment against the administrators in order to exhaust the personal property of decedent in payment of his claim, for the claim on presentation was admitted, and the creditor's share of the personal estate afterwards paid to her in due course of administration.

The statute of limitations commenced running against an action on April 4, 1883, because an action might then have been brought.

When did the statute of limitation commence running against this special proceeding?   When did the right to relief by this proceeding accrue to the creditor ?   In considering the question

of when the "right to relief" by this special proceeding accrued the nature of the relief may well be examined.

The relief is equitable in its nature, and very comprehensive.

It comprises the taking and sale under the direction of the court of all the real estate of which the decedent was seized at his death, whether in the hands of his heirs or devisees or their grantees, and the equitable distribution of the money derived from such sale in payment of the claims existing against the decedent at the time of and which survived his death, and among all parties equitably entitled thereto.

The proceeding is against the land. The necessary parties are the creditors, all persons interested in the land, and the personal representatives of the decedent.

The facts which must exist, and be established in order to entitle a party to the relief, are the death, the appointment of personal representatives, the existence of claims against decedent valid at the time of his death to an amount that the personal assets applicable will be insufficient to pay, and "that all the personal property of the decedent which could have been applied to payment of the decedent's debts and funeral expenses has been so applied, or that the executors or administrators have proceeded with reasonable diligence in converting the personal property into money and applying it to the payment of those debts and funeral expenses, and that it is insufficient for the payment of the same, and that the decedent was the owner at the time of his death of the land sought to be taken. The existence of these facts gives the right to relief. Can the right to relief be said to have accrued until these facts all exist? Did the statute of limitations commence running as against this right of relief until these facts existed?

In Mead v. Jenkins, 95 N. Y. 31, the facts were as follows: The claim was due February 11, 1871, and the intestate died March 19, 1871. Letters of administration were granted April 14, 1871. The proceedings in question were commenced February 6, 1880. The administrators accounted on the 17th day of October, 1877. The court, upon these facts, held as follows:

"The proceedings here could not be commenced until after the accounting, and hence the statute did not commence to run until the accounting in 1877. The proceeding was commenced February 6, 1880, about two years after the accounting, and the statute had not then run so as to constitute a bar." The case of Merritt v. Reid, 13 W. Dig. 453, was an action on a note for six months, dated August 7, 1872. The action was commenced October 14, 1879. The note was made by a corporation called "Manhattan Sewing Machine Company," and the defendant was a stockholder of that company. By the provisions of the statute a stockholder could not be made liable for a debt of the company unless an action to recover the debt should be brought against the company within a year from the time when the debt became due, and judgment recovered in such action and execution issued upon such judgment returned unsatisfied. Execution was returned unsatisfied October 23, 1873, upon the judgment against the company.

The defense was the six years statute of limitation, and in the trial court it was sustained. The court, on appeal, held that, as the return of execution unsatisfied against the corporation was a prerequisite to an action against a stockholder, the right of action against him did not accrue and the statute did not commence to run until the return of the execution, and that the action was brought in time. It would follow from this case that if the claim was a valid and enforceable one at the time when the new right of relief arose upon it, the new right of relief would not be lost at the expiration of six years from the time when the note was due.

The same dictrine is stated in Duckworth v. Roach, 81 N. Y. 50. Upon the foregoing considerations and the authority of Mead v. Jenkins, I should be of opinion that the claim of Esther A. Bentley is not barred by any statute of limitation, were it not for the case of Church v. Olendorf, reported in 19 St. Rep. 700; s. c., 49 Hun, 440, which was decided in thns department in 1888. The case of Mead v. Jenkins, 95 N. Y. 31, is cited and recognized as authority for the proposition:

"As the law stood prior to September 1, 1880, the respondent could not have commenced such a proceeding as this until after the executor or administrator had rendered his account, and thus such a proceeding was stayed by statutory prohibition until September 1, 1880."

It seems difficult to distinguish as to statutory prohibition between the requirement that an accounting shall be had before this proceeding be commenced, and the requirement as the law stands now that letters of administration shall have been granted and the further requirement that the personal estate shall have been applied to the payment of the claims, or that in effect.

It may be claimed that the case of the issuing of letters as a prerequisite differs from the case of an accounting, because the creditor can himself apply for letters; but so could the creditor as the law stood prior to 1880 apply after eighteen months for an accounting, and in the case of Mead v. Jenkins the accounting was more than six years and six months after letters were issued. It seems clear, therefore, that the question of whether or not the running of the statute of limitation is suspended by statutory prohibition is not to be determined by the diligence or laches, or in truth any action of the creditor. Why, then, should the running of the statute in Olendorf's case have been suspended until September 1, 1880, and not after that and until letters of administration were issued? Were it not for the decision in the Olendorf case it would seem to me more reasonable to say, in view of section 415, that the running of the statute is not suspended, but that the statute as against this relief and remedy does not commence to run until at least after letters are issued. But, controlled as I am by the authority of the Olendorf case, I must hold that the claim of Esther A. Bentley is barred in this proceeding by the statute of limitations.