MARY J. ADAMS, Respondent, *v.* MARIA A. FASSETT et al., Appellants.

1. LIMITATION OF ACTIONS — ACTION AGAINST DEVISEES — CODE CIV. PRO. § 1843.  An action against devisees under section 1843 of the Code of Civil Procedure, to enforce, to the extent of their interest in the devised realty, payment of a note made by their testator, is to be deemed an action to recover upon the note, and hence is subject to the six years' Statute of Limitations, as affected by the statutory provisions relating to the time of commencing actions on claims against decedents.

2. LIMITATION OF ACTIONS — EXTENSION OF TIME IN CASE OF DEATH — CODE CIV. PRO. § 403.  The provisions of section 403 of the Code of Civil Procedure have the effect of excluding one year after the issue of letters testamentary, from the time limited for the commencement of an action in case of the death of the person against whom the cause of action existed, where the letters were not issued at least six months before the expiration of the time for commencing the action, including the eighteen months by which that time was extended by such section.

3. ACTION AGAINST DEVISEES—LETTERS ISSUED AFTER LAPSE OF THREE YEARS — CODE CIV. PRO. § 1844.  A right of action against devisees, under subdivision 1 of section 1844 of the Code of Civil Procedure, which has accrued by the lapse of three years after the death of the decedent without the issue of letters testamentary, is not suspended by the subsequent issue of such letters, and in such a case the second subdivision of that section respecting actions after the lapse of three years after the grant of letters has no application.

4. LIMITATION OF ACTION AGAINST DEVISEES — THREE YEARS' EXTENSION — CODE CIV. PRO. §§ 406, 1844.  The three years which must elapse after the death of a person, without the issuance of letters upon his estate, before an action can be maintained against the devisees under subdivision 1 of section 1844 of the Code of Civil Procedure, are not a part of the time limited for the commencement of actions under other statutes, since that section constitutes a statutory prohibition within the meaning of section 406, against bringing an action during that period of three years.

*Adams* v. *Fassett*, 73 Hun, 430, affirmed.

(Argued March 6, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 21, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elon R. Brown* for appellants. This action, which is brought under sections 1843, 1849 of the Code, cannot be maintained because it was brought within less than three years after the issue of letters testamentary upon John Fassett's estate. (2 R. S. 109, § 53; *Roe* v. *Swezey*, 10 Barb. 247; *Leonard* v. *Morris*, 9 Paige, 90; *Butts* v. *Genung*, 5 Paige, 254; Code Civ. Pro. §§ 1835, 1844, 2750; 2 R. S. 108, § 48; Laws of 1837, chap. 460, § 72; *Selover* v. *Coe*, 63 N. Y. 438; *Hemminqway* v. *Poucher*, 98 N. Y. 281; *Moores* v. *Town-shend*, 102 N. Y. 387; *R. L. Co.* v. *S. & P. P. Co.*, 135 N. Y. 209; *Briggs* v. *Boyd*, 56 N. Y. 289; *Collender* v. *Phelan*, 79 N. Y. 366.) The statute having commenced to run on the $300 note before the death of John Fassett, and seven years, seven months and eighteen days having elapsed from June 2, 1884, the time when it began to run, before the issuing of letters on January 20, 1892, every cause of action, whether legal or equitable, for the enforcement or collection of this demand was barred under the provisions of the six years' Statute of Limitations, eighteen months being added thereto by reason of the death of the debtor, under section 403, Code of Civil Procedure. (Code Civ. Pro. § 382; *Butler* v. *Johnson*, 111 N. Y. 204; *Mead* v. *Jenkins*, 95 N. Y. 31; *Church* v. *Olendorf*, 49 Hun, 439; *Chapman* v. *Fonda*, 24 Hun, 130; *Raynor* v. *Gordon*, 23 Hun, 264; *Cotter* v. *Quinlan*, 2 Dem. 29; *O'Flynn* v. *Powers*, 136 N. Y. 412; *Sanford* v. *Sanford*, 62 N. Y. 553; *Reynolds* v. *Collins*, 3 Hill, 36; *Frost* v. *Frost*, 4 Edw. Ch. 733.) It was not intended by section 406 of the Code of Civil Procedure, or the statute of which it is the successor, to suspend the running of the Statute of Limitations for three years on a cause of action against heirs or devisees for the debt of a decedent. (*Butler* v. *Johnson*, 111 N. Y. 217; 2 R. S. 447, § 8; Code Civ. Pro. §§ 403, 406, 416; 2 R. S. 109, § 53; 2 R. S. 299, §§ 36, 37.) When a claim is outlawed as to the debtor or his personal

representative before any step is taken to recover it of his next of kin, legatees, heirs at law or devisees, it is outlawed as to them also. (*Kane* v. *Bloodgood*, 7 Johns. Ch. 89; *Butler* v. *Johnson*, 111 N. Y. 217; *Selover* v. *Coe*, 63 N. Y. 444.) The only evidence in the case that there was a payment on the $300 note after June 2, 1882, or within nine years of the commencement of this action, was erroneously received. (*Mills* v. *Davis*, 113 N. Y. 243.) The finding, " That prior to the death of John Fassett, the interest was paid on said notes annually by said testator or his son Milan as agent in his, testator's, behalf and indorsed thereon, the last indorsements prior to his decease being dated June 2, 1884, and August 5, 1884, on said notes respectively," is without any evidence to sustain it so far as it finds that Milan paid interest on these notes as the agent of his father. (*Daniels* v. *Smith*, 130 N. Y. 696; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 165.)

*Watson M. Rogers* for respondent. The plaintiff made a case entitling her to recover within sections 1843–1849 of the Code of Civil Procedure. (*Patterson* v. *Robinson*, 116 N. Y. 193; Code Civ. Pro. § 993.) The action was not prematurely brought. (Code Civ. Pro. §§ 1837, 1843, 1844, 1845; 2 R. S. 109, § 53; *Forrest* v. *Havens*, 38 N. Y. 469; *Hazard* v. *Spears*, 4 Keyes, 469; *Oliphant* v. *Burns*, 146 N. Y. 218.) This action is not barred by the lapse of six years from the date of the last payment of interest. (Code Civ. Pro. §§ 388, 1844; *Wood* v. *Wood*, 26 Barb. 356; *Meade* v. *Jenkins*, 27 Hun, 570; *Maloy* v. *Vanderbilt*, 4 Abb. [N. C.] 127; *Mortimer* v. *Chambers*, 63 Hun, 335; *Salisbury* v. *Morss*, 7 Lans. 359; 55 N. Y. 675; *DeGroff* v. *Terpenning*, 14 Hun, 301; *Hurlbert* v. *Clark*, 128 N. Y. 295; *Brehm* v. *Mayor*, etc., 104 N. Y. 186; *Hall* v. *Brennan*, 140 N. Y. 409.) Assuming the plaintiff's contention is right, that the time within which the personal representative may be sued is the test, the cause of action is still in full life. (Angell on Time, § 55; *Hall* v. *Brennan*, 64 Hun, 394; Code Civ. Pro. § 403; *Riley* v. *Riley*, 141 N.

Y. 409; *Church* v. *Olendorf*, 49 Hun, 439.) The action
was saved from the statute by part payment. (*Martin* v.
*Gage*, 9 N. Y. 398; Angell on Lim. § 242; *Roseboom* v.
*Billington*, 17 Johns. 182; *Risley* v. *Wightman*, 13 Hun,
163; *Mills* v. *Davis*, 113 N. Y. 244; *Decker* v. *Livingston*,
15 Johns. 479; *Graf* v. *Feist*, 9 Misc. Rep. 479; *Ames* v. *M.
Ins. Co.*, 2 La. 594; 2 Daniels on Neg. Insts. § 1229;
*Scholey* v. *Watsby*, Peake's Cas. 24; *Jones* v. *Fort*, 9 B. &
C. 764.) Payments by the defendant, Maria A. Fassett,
made on both notes June 2, 1890, suspended the Statute of
Limitations as to her. (Code Civ. Pro. §§ 190, 1324, 1844.)
The fact that an action at law upon the notes for money only
might be barred in less than nine or ten years does not furnish
ground for the argument that this proceeding to charge the
real estate for the same debt, would be barred in the same
time. (Code Civ. Pro. §§ 1822, 1837, 1848; *Snell* v. *Dale*,
17 N. Y. Supp. 575; *Hurlbert* v. *Clark*, 128 N. Y. 295;
*Bosley* v. *N. M. Co.*, 123 N. Y. 550; *Higgins* v. *Crouse*,
147 N. Y. 411; *Maxwell* v. *Cottle*, 72 Hun, 529.) The
Statute of Limitations is not well pleaded. (Code Civ. Pro.
§ 413; *Wood* v. *Baker*, 60 Hun, 337; *Eno* v. *Diefendorf*,
102 N. Y. 720.)

BARTLETT, J. The plaintiff seeks to recover of the defend-
ants, the devisees of John Fassett, the amount of two prom-
issory notes for $300 and $268.15, respectively, dated June
2d, 1878, and August 5th, 1878, given for money loaned.

The notes were signed by "John and M. A. Fassett," the
latter being the son of John. Milan A. Fassett died insolvent
and it is admitted that the consideration of the notes was a
loan to John Fassett.

The trial court found that John Fassett died on or about
October 1st, 1884; that the last payments of interest on the
notes in his lifetime were, on the $300 note, June 2d, 1884,
and on the note for $268.15, August 5th, 1884; that the
assets of John Fassett were not sufficient to pay plaintiff's
debt, and that he left no real estate which descended to his

heirs; that he devised to the defendants, his son, his daughter and his daughter-in-law, the fee of his farm valued at $4,680, subject to a life estate in his wife; that the widow died in February, 1888.

The defendants and appellants urge two points on this appeal, the Statute of Limitations and the incompetency of the evidence by which the last interest payments in the lifetime of John Fassett were proved.

As to the latter point we are of opinion that the payments were properly established.

The indorsements of the payments of interest were admitted by defendants on the trial, and the legal presumptions which followed this admission, taken in connection with the other evidence, were quite sufficient to sustain plaintiff's burden of proof.

The last indorsement of interest on the note of $268.15, being fixed as August 5th, 1884, it is admitted by the learned counsel for defendants that the six years Statute of Limitations, suspended in its running for eighteen months, by the death of John Fassett, had not cut off the right to sue on this note for the reason that the letters testamentary were not issued at least six months before the expiration of the seven years and six months during which this action might have been brought, and, consequently, one year after letters were issued is not a part of the time limited for the commencement of this action. (Code of Civil Procedure, § 403.) It, therefore, follows that, as to the note of $268.15, this action was seasonably begun.

It is admitted that this action was not commenced until seven years, eight months and eight days after the last indorsement of interest on the $300 note, June 2d, 1884, and the important question presented by this appeal is whether the Statute of Limitations, pleaded by the devisees of John Fassett, is a good defense.

While the amount involved in this litigation is not large the question presented is of great importance, far reaching in its effects, and not free from difficulties in view of the con-

flicting decisions as to the application of the Statute of Limitations to the various remedies which may be invoked by creditors, legatees and legal representatives to reach the estates of the dead for the purpose of paying debts and legacies.

In England and many of the states of the Union the legal representative is not compellable either in law or equity to take advantage of the Statute of Limitations against a claim otherwise well founded (*Norton* v. *Frecker*, 1 Atk. 524; *Hill* v. *Walker*, 4 K. & J. 166; Wood on Lim. of Ac. [2nd ed., 1893], pg. 474 *et seq.*), but a contrary rule obtains in this State, and a debt barred by the statute is no debt as to the executors and the legatee, heir and devisee may plead the statute whether the legal representative does or not.

The learned General Term held that this was not a mere action to recover upon the notes and within the six years' statute, but an action within the ten years' limitation.

We are unable to agree with this conclusion, and are of the opinion if the recovery below is to be sustained it must be upon the theory that the six years' statute applies to the note in question, but had not run against it at the time this action was commenced.

In the view we take of the law governing this case, the facts do not present a situation where there is a concurrent jurisdiction over the same matter in law and equity, and the consequent presentation of the question whether the outlawry of the legal action carries with it the equitable remedy.

This action is brought under the provisions of the Code of Civil Procedure. Section 1843 reads as follows : " The heirs of an intestate, and the heirs and devisees of a testator, are respectively liable for the debts of the decedent, arising by simple contract, or by specialty, to the extent of the estate, interest, and right in the real property, which descended to them from, or was effectually devised to them by the decedent."

Section 1844 provides :

" But an action to enforce a liability declared in the last

section cannot be maintained except in one of the, following cases :

" 1. Where three years have elapsed since the death of the decedent, and no letters testamentary or letters of administration upon his estate have been granted within the state.

" 2. Where three years have elapsed since letters testamentary or letters of administration upon his estate were granted within the state."

This action was begun February 10th, 1892, between four and five years after the cause of action arose in favor of plaintiff, under subdivision 1 of section 1844, providing for the lapse of three years and the failure to take out letters.

A preliminary point is taken by appellant's counsel that, as letters of administration with the will annexed were issued January 20th, 1892, some twenty days before this action was commenced, it must be regarded as prematurely begun for the reason that the granting of letters rendered it impossible for plaintiff to bring this action until the lapse of three years from the date of their issue, under section 1844, subdivision 2, already quoted.

We do not regard this point as well taken. The policy of the Code of Civil Procedure is to give opportunity, where the administration of an estate is promptly proceeded with, for the parties interested to invoke the general and less expensive remedy of the sale of real estate within three years of the granting of letters (§ 2750), and the special remedy against the heir and devisee is suspended during three years from the testator's death for that purpose.

If this opportunity is allowed to pass unimproved, and a cause of action arises against the heir or devisee by lapse of time, the subsequent granting of letters will not have the effect to further suspend the action against the heir or devisee for three years from their issue.

We are brought, therefore, to the consideration of the principal question in this case, whether the six years' statute, with its suspension of eighteen months by reason of testator's death, has cut off the legal remedy on the note for $300

It certainly has done so unless by provision of law some additional suspension of the running of the statute has preserved the right of action.

In section 1844, subdivision 1, of the Code of Civil Procedure, already quoted, we have a statute that in positive terms prohibits a creditor from commencing his action against the heir or devisee until three years have elapsed since the death of the decedent. Turning to section 406 of the Code of Civil Procedure, which is found in the title containing general provisions relating to the chapter on limitations of the time of enforcing a civil remedy, we find this provision:

"Where the commencement of an action has been stayed by injunction, or order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time, limited for the commencement of the action."

We think the provision of section 1844, subdivision 1, is a statutory prohibition under section 406, for a period of three years, and that this time must be added to the six years of the statute, thus giving the plaintiff nine years in which to begin this action.

That this was the obvious intent of the legislature and the clear meaning of those two sections of the Code, when read together is readily demonstrated.

Where the statute begins to run in the lifetime of the testator it does not cease to run between death and the issuing of letters except by force of some positive legal provision. (*Sanford* v. *Sanford*, 62 N. Y. 553.)

We may suppose the case of a creditor where the six years' statute began to run against his claim in the lifetime of the debtor and the debt was within ten days of outlawry at the time of the debtor's death.

By virtue of section 403 of the Code of Civil Procedure the death of the debtor would suspend the running of the additional ten days of the statute for eighteen months only, and thus it becomes apparent that the creditor in this supposed case could not pursue his remedy against a devisee under section 1844, sub-

division 1 of the Code, if it be held that the three years which must elapse under that statute after the death of the decedent before the heir or devisee can be sued, do not suspend the running of the statute, as in that event the claim would be cut off before the three years had expired.

It is very clear to us that the legislature could not have contemplated any such discriminating and unjust result against a creditor in this situation, and that the construction we have already suggested is the only proper one under the circumstances.

The application of this rule of statutory prohibition under section 406 of the Code has been hitherto applied by this court in order to save the running of the statute. In *Mead* v. *Jenkins* (95 N. Y. 31) where, in proceedings by a creditor for the sale of the real estate of a deceased person, the Statute of Limitations was set up as a bar to the creditor's claim, and the proceedings, under the then existing law, could not be commenced until after the accounting of the executors or administrators, it was held that the time between the death of the decedent and the accounting should not be included as a part of the time limited as it was a statutory prohibition under section 406 of the Code.

It was sought in the case just cited to also raise the point we are now considering, but this court held that inasmuch as there was error in the surrogate's decision on the ground already stated it was not necessary to consider the question.

In *Brehm* v. *Mayor, etc., of the City of New York* (104 N. Y. 186), section 406 of the Code was again construed. This was an action brought to recover money paid to discharge the lien of an assessment, which, after the payment, had been vacated by order of the Supreme Court.

The city of New York, among other defenses, interposed that of the Statute of Limitations. Judge RAPALLO says at page 191: "On the 17th of November, 1877, at which time the right of action was not barred, the plaintiff presented her claim to the comptroller. She would at that time have been entitled to commence her action, but for section 105 of the

charter of 1873, which required her to wait until the comptroller had neglected for thirty days after such presentation to pay her claim. That section in express terms prohibited her from maintaining any action until the lapse of the thirty days. We think that section 406 of the Code of Civil Procedure was framed to meet just such a case, and to suspend the running of the statute during the term of the statutory prohibition.    *    *    *    This construction also relieves the statute from the apparent inconsistency pointed out in the opinion at General Term, of allowing a plaintiff six years within which to commence an action, and at the same time prohibiting him during thirty days of that term from maintaining any action."

In the case at bar we are dealing with a statutory prohibition of three years instead of thirty days, and have the plaintiff in a position where if this rule is not applied she is wholly deprived of her remedy against the devisees of John Fassett.   We think the cases cited in this court, and the reasons already given, indicate the proper rule of construction to be followed on this occasion and it would not be profitable to discuss in detail any case in this court or elsewhere which has either directly or by reasoning held to the contrary.

We have laid down what seems to us a reasonable rule in harmony with the statute and which is calculated to protect not only the rights of the creditor, but those of the heir and devisee as well.

The judgment appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not voting and MARTIN, J., not sitting.

Judgment affirmed.