(3 App. Div. 213.)

PALMER v. PALMER.

(Supreme Court, Appellate Division, Second Department. April 14, 1896.)

CLAIM AGAINST DECEDENT—HOW DETERMINED.
　　A personal claim by an administrator against the estate of his decedent cannot be determined on motion, in an action for partition of decedent's land, to direct a referee to take proof thereof, but must be determined by the surrogate in regular course of administration.

Appeal from special term, Kings county.

Action by Arthur W. Palmer, an infant, by Frederick A. Reid, his guardian ad litem, against Noyes F. Palmer, individually, and as administrator of the estate of Noyes G. Palmer, deceased. From an order denying a motion to modify an interlocutory judgment, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

William E. C. Mayer, for appellant.
Cyrus V. Washburn, for respondent.

CULLEN, J. After the trial of the issues in this action, which is brought for a partition of certain cemetery lots, and the entry of an interlocutory judgment herein, the appellant moved to modify that

judgment by directing the referee to take proof of the claims of the appellant, as a general creditor of the deceased ancestor, through whom all parties derived their title to the premises in suit. The application was denied by the special term. We think this was the proper disposition of the application. More than three years had elapsed since letters of administration had been granted. It is therefore probable that, under section 2750 of the Code, the property had become relieved from the lien of the debts of the deceased owner. The provisions of the Code relative to a sale of a decedent's real estate for the payment of his debts have been so entirely changed since the time of Mead v. Jenkins, 95 N. Y. 31, that there is little or nothing in the decision in that case applicable to the present state of the statute. However that may be, it is plain that the amount and existence of any claim of the appellant against the estate of the decedent should not be determined in this proceeding, but established in the mode provided by law. Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292, was an action to direct the sale of real estate for the payment of legacies charged upon it. One of the parties to the action claimed a lien upon the lands, as a general creditor of the testator, alleging insufficiency of personal assets. This lien was allowed to the party. On appeal the judgment was reversed, the court holding that such claims against the real estate of a deceased person could only be established in the regular process of administration, before the tribunal provided by law to administer upon the estate. This rule applies with peculiar force to the case of the present appellant. He is the administrator of the deceased. By the statute his claim can only be determined by the surrogate. He has had entire control of the proceedings of administration. As to him there is no reason why, if he has a claim against the estate of his intestate, that claim should not have been established before the surrogate, his accounts as administrator passed, and, if there was a deficiency of personal assets to pay the charges against the estate, that fact be judicially established by the decree of the surrogate.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.