(6 App. Div. 78.)

UNDERHILL v. UNDERHILL et al.

(Supreme Court, Appellate Division, Second Department.    June 2, 1896.)

PARTITION—NEW PARTIES—REPRESENTATIVES OF DECEASED OWNER.

Code Civ. Proc. § 1538, which provides that "in a partition action the executors or administrators and creditors of a deceased person who, if living, should be a party to said action, must be made parties defendant," applies only to the case of a deceased owner of an undivided share of the land, and not to the common ancestor of the parties seeking partition.

Appeal from special term, Westchester county.

Action by Aaron G. Underhill against J. Warren Underhill and others for partition of the real estate of Charles W. Underhill, deceased, of whom the parties were the heirs at law and the widow. From an order amending the summons and complaint, and bringing in additional parties defendant, defendants appeal. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Henry C. Griffin, for appellants.
William K. Van Meter, for respondent.

PER CURIAM.    This is an action for partition.    It was brought within three years after the issue of letters of administration upon the estate of the ·common. ancestor, through whom all parties claimed title.    Pending the action it appears, by a final decree on the judicial settlement of the accounts of the administrator, that the personal assets were insufficient to pay the debts of the deceased, and thereupon the administrator filed a petition with the surrogate for the sale of the real estate sought to be partitioned. The plaintiff then applied for an order amending the summons so as to bring in the administrator of the deceased and also all the general creditors of the estate.    The application was granted at special term, and from such order this appeal is taken.

We are of opinion that the order of the special term was erroneous.    The respondent seeks to support it under the provision of section 1538 of the Code:

"In a partition action, the executors or administrators and creditors of a deceased person who, if living, should be a party to said action, must be made parties defendant."

The appellants contend that this provision applies only to the case of a deceased owner of an undivided share.    We think this is the correct view.    The common ancestor can in no sense be a person "who, if living, should be made a party defendant to the action," because, if he were living, there could be no such action. This, also, seems to be the view of the legislature.    By chapter 277, Laws 1896, to take effect September 1st, this section of the Code has been amended, and a provision inserted therein providing that, when the action shall be brought before the expiration of three years from the time letters shall have been issued upon the estate of the decedent, from whom plaintiff's title is derived, the executors or administrators of the estate of said decedent shall

be made parties defendant,—an amendment which would be unnecessary if the former provision of the Code covered the subject. In Palmer v. Palmer, 3 App. Div. 213, 38 N. Y. Supp. 195, we have decided substantially the same question as here involved adversely to the claim of the respondent.

The order appealed from should be reversed, and motion denied, with $10 costs and disbursements.