MATTESON et al. v. PALSNER et al.

(Supreme Court, Appellate Division, First Department. December 14, 1900.)

1. DESCENT AND DISTRIBUTION—LIABILITY OF HEIRS FOR DECEDENT'S DEBTS.

An intestate, who was liable on a note, prior to her death executed a deed of trust, under which the trustee was to take charge of her property, pay her the profits, and, after her decease, distribute the residue to her sons. The note, though unpaid when the deed was executed, was secured by mortgage, and it was not shown that intestate had any reason to believe that the mortgage was not ample security for its payment. *Held,* that as such sons derived their interest to intestate's property under such deed of trust as grantees, and not as devisees or heirs, they were not liable for the payment of the note, since such deed of trust could not be declared invalid without evidence of a fraudulent intent of intestate to defeat creditors.

2. SAME—WILLS—VALIDITY—PERPETUITIES.

A will devising property in trust until the youngest survivor of certain nieces and nephews shall arrive at 30 years of age cannot be held invalid, as repugnant to the statute against perpetuities in suspending the power of alienation for more than two lives in being at the creation of the estate, without proof that more than two of such devisees were under 30 years of age.

3. SAME—ELECTION TO CHARGE HEIRS.

Where complainants elect to treat a will as a nullity, and to charge defendants as heirs, on the theory that the will was void, they cannot maintain the action against them as devisees on the will being held valid, for the situation is the same as if the property had been devised to third persons.

4. SAME—EVIDENCE—ADMISSIBILITY.

In an action to charge a decedent's heirs with liability on a note of which decedent was a joint maker, letters written by his co-maker to the payee are inadmissible, after the death of both of the parties, against such heirs, to suspend the bar of the statute of limitations against them.

5. SAME—LIMITATIONS.

An action, under Code Civ. Proc. § 1843, to enforce payment on a note made by decedent to the extent of interest in realty received from the decedent, being an action to recover on the note, is subject to the six-year period of limitation, with the three years added by section 1844; hence such an action must be brought within nine years.

6. SAME—PAYMENTS TO PREVENT OPERATION OF LIMITATIONS.

In an action against heirs to enforce payment on a note made by a decedent, to the extent of their interest in realty received from decedent, payments by an heir on a mortgage given to secure the note are not sufficient to prevent operation of the statute of limitations in his favor, where

they were made by him as agent of another; for a party seeking to charge another must show that payments necessary·to take the debt out of the statute of limitations were made by the debtor on his own account.

Appeal from special term.

Action by Charles Matteson and others against Albert R. Palsner and others. From a judgment in favor of plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, PATTERSON, and O'BRIEN, JJ.

John M. Stoddard, for appellant Palsner.
W. C. Beecher, for appellants King.
Duane P. Cobb, for respondents.

O'BRIEN, J.  The action is brought by plaintiffs as assignees of a note for $8,000 given to Asahel Matteson at Providence, R. I., on September 4, 1877, by Eliza King, Mary King, Martha King, and C. B. Palsner, to recover of the defendants, as heirs of Mary King and Martha King to property located at 175 West Broadway, New York City, a balance of $2,566.77, alleged to be due on the note.  The plaintiffs, therefore, are proceeding as against the heirs of only two of the original makers of the note; and for clearness we may consider the various defendants in the way they naturally divide themselves, as heirs of Mary King and heirs of Martha King, this latter class including certain defendants who claim that they are in fact not heirs, but devisees.  The note referred to was introduced in evidence against the defendants' objection, and by its indorsement shows that interest was paid down to September 18, 1897.  Accompanying the note was a mortgage upon property located in Providence, which, upon default of interest, was foreclosed, and the premises sold on October 20, 1897, for $6,105.  This amount, together with the taxes and expenses of sale as stated by the plaintiffs, leaves as due upon the note the sum of $2,566.77, for which the action is brought, under section 1843 of the Code of Civil Procedure, which provides that "the heirs of an intestate, and the heirs and devisees of a testator, are respectively liable for the debts of a decedent, arising by simple contract, or by specialty, to the extent of the estate, interest and right in the real property, which descended to them from, or was effectually devised to them, by the decedent."  The property in New York which the plaintiffs thus attempt to charge was originally owned by Jerome B. King, who, by his will, probated December 27, 1875, devised it to his wife, Eliza King, for her life, and then to his daughters Mary and Martha King and Margaret M. Palsner, with the provision that, "should either of my said daughters die during the life of my said wife without lawful issue, then I give, devise, and bequeath the share or property of each deceased daughter or daughters to the survivor or survivors."  During the life tenancy, as shown, the note and mortgage referred to were given in 1877, the note being payable within one year.  On January 15, 1890, Mary King died, leaving three sons, defendants herein,—J. Berre King, Jerome Allen King, and George R. King.  Prior thereto, on October 16, 1880, she had made a

trust deed of all her property, "including any and all interest, property, and effects belonging, or which should or shall belong, to me, and coming from the estate of Jerome B. King, deceased"; by which deed, made upon consideration of one dollar, she constituted her son J. Berre King trustee to take charge of the property, and pay her the profits thereof, and after her decease "to distribute and pay the residue, principal and income," to her three sons. On May 6, 1895, Eliza King died, and five days thereafter, on May 11, 1895, Martha King died, leaving a last will and testament. By this will she created a trust for the benefit of her nieces and nephews, Albert B. Palsner, Martha J. Palsner, George N. Palsner, Mary A. Palsner, and Eliza K. Palsner, all defendants herein, by which the income of her estate was to be paid to them "semiannually for their education and support until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years, when I direct my executors * * * to divide and pay over the residue of my estate to my said nieces and nephews."

The plaintiffs argue that the defendants King took their interest in the property here in question as heirs of Mary King, she having a vested remainder under the will of Jerome B. King (Loder v. Hatfield, 71 N. Y. 92, 100; Bushnell v. Carpenter, 92 N. Y. 270; In re Young, 145 N. Y. 535–540, 40 N. E. 226); and assert that the trust deed which she made was invalid because at the time it was made she was personally liable on the note, and it is improper that she should be permitted by such an instrument, made without consideration, for her own benefit for life, with remainder over to her sons, to cut off the rights of creditors against the body of the estate. In answer to this it is urged, admitting that Mary King took a vested remainder, that she could dispose of her interest by trust deed, and that the only way in which the deed can be declared invalid is by holding that it was given with a fraudulent intent to defeat the claim of a creditor, and of this there is no evidence. And in the same connection it is pointed out that, at the time the deed was given, the note, although it was then unpaid, was supported by a mortgage given as collateral security, and there is in the case nothing to indicate that Mary King had any reason to believe that the mortgage was not ample security for the payment of the note. This answer, we think, is good, and it follows that the defendants King derived their interest in the property sought to be charged, not as devisees or heirs, but as grantees, and cannot, therefore, be held in an action such as this.

The plaintiffs' further claim is that the will of Martha King is invalid, and therefore the beneficiaries thereunder, defendants herein, who are related to her, do not take as devisees, but, together with other of the defendants, take as heirs of Martha King. The alleged invalidity of the will is in the trust which is created "until the youngest survivor of my said nieces and nephews shall arrive at the age of thirty years"; it being claimed that, as there were five nieces and nephews, the statute against perpetuities was violated, and there was a suspension of the power of alienation for more than two lives in being at the creation of the estate. If this were true, the will, of course, must fail. Benedict v. Webb, 98 N. Y. 460; Schelettler v.

Smith, 41 N. Y. 328; Fowler v. Ingersoll, 127 N. Y. 472, 28 N. E. 471; Haynes v. Sherman, 117 N. Y. 433, 22 N. E. 938.

The burden, however, of showing that an actual invalidity existed was on the plaintiffs, since it cannot be said that the presumption is that the trust was void. It could not be void if all or only two of the beneficiaries were over 30 years of age when the trust was created. Nowhere in the record is there proof that any of the beneficiaries were under 30, and, since it was not shown that more than two were under 30 years of age, the plaintiff has not assailed the validity of the trust. Had such proof been offered, however, we are inclined, for the reasons stated by the learned referee in the action pending in the supreme court entitled Palsner v. King, to think that the trust was valid. In his opinion therein, referring to the language of the will of Martha King, he says: "This language is ambiguous, as the expression 'youngest survivor' may well mean the youngest of the children in question who shall survive the testatrix, or might be held to mean the youngest of those who shall live to be thirty years old. The words used would probably justify either construction; * * * hence it is a rule of construction in such cases that, of two reasonable interpretations of doubtful language, one which makes a lawful disposition of the estate must be adopted as expressing the intention of the testator, rather than one which would give rise to intestacy, and so defeat the wishes of the testator to so dispose of his property by will."

If the will, then, be valid, the beneficiaries thereunder took as devisees, and not as heirs. Nor can it be said that this action is good as against the defendants as devisees; for the plaintiffs elected in their complaint to treat the will of Martha King as a nullity, and to charge the defendants as heirs, on the theory that such will was void. The situation is the same as if Martha King had devised her property to third persons. As against the second set of defendants, therefore, we think the judgment was erroneously entered.

Aside from these considerations as to the heirs of Mary and Martha King, it here appears that all the defendants by answer interpose the statute of limitations. The note was given in 1877, and was due within one year. The evidence showing that interest had been paid thereupon down to September 18, 1897, was admitted under exception. The payments were made apparently by Martha King, whose letters were put in evidence, also under exception. Mr. Matteson died in February, 1890, and thereafter payments were made to his executor, both by Martha King and by George R. King, a son of Mary King. It was objected that the letters from Martha King to Mr. Matteson, both the parties having died, could not, under section 829 of the Code of Civil Procedure, be properly introduced, and, in any event, were not evidence against Mary King. If competent against Martha King, they were in no sense binding on Mary King after her death. The same may be said of the stipulation introduced, made in another action by the defendants King and others, to the effect that "Martha King has fully accounted for the rents collected from the estate of Jerome P. King." As to the letters referred to, we think it is clear that, whatever effect they would have in suspending

the bar of the statute as against Martha King, they would not keep alive the debt against Mary King. She died in January, 1890, and the defendants, children of Mary King, were not served herein until February, 1899, more than nine years after her death. But an action under section 1843 of the Code of Civil Procedure to enforce the payment of a note made by a decedent to the extent of the interest in realty received from said decedent is an action to recover upon the note, and is subject to the six-years statute of limitations, with the three years added by section 1844, and such action must be brought within nine years. Adams v. Fassett, 149 N. Y. 61–68, 43 N. E. 408; Mead v. Jenkins, 27 Hun, 570; Id., 95 N. Y. 31.

The further argument that the debt against Mary King was kept alive by two payments on the mortgage made by one of her sons, George R. King, is not sound, for the reason that such payments were not made in her interest, and, had they been, would not have had the effect of reviving the debt. Butler v. Johnson, 111 N. Y. 204–218, 18 N. E. 643. Besides, it is here made to appear that these payments were made by the son as agent of the estate of his grandfather for interest on a mortgage covering property of the estate. This mortgage, it is true, was the one given to secure the note which his mother had signed; but he had no knowledge, as he testified, of the existence of the note, and if he had it would have made no difference, since his object and intent, as agent of the estate of his grandfather, was to make payment of interest on the mortgage for the purpose of protecting the property of that estate. The burden is always on the party seeking to charge another to show that the payments necessary to take the debt out of the statute were made by the debtor for his own account, and with reference to that particular debt. Littlefield v. Littlefield, 91 N. Y. 203, 210; Murdock v. Waterman, 145 N. Y. 55, 39 N. E. 829, 27 L. R. A. 418; Crow v. Gleason, 141 N. Y. 489, 36 N. E. 497. The statute of limitations, therefore, is also a sufficient reason for reversing the judgment as against the defendants King.

As to Martha King, assuming that the letters were competent and the payments binding upon her, they would be sufficient to revive the debt if the New York statute of limitations applied. The debt sought to be enforced, however, was originally evidenced by the note, and it is, in fact, a deficiency judgment, arising after sale of collateral, which is sought to be charged against and made a lien upon the property which, as heirs or devisees, the defendants named received from Martha King. Unless this can be regarded as an action involving "the title to, or possession of, real property in the state," recovery, it appears, would be barred by the statute of limitations of New Jersey, which was the home of Martha King. The New Jersey statute bars an action upon a note after six years; and, under section 390 of our Code of Civil Procedure, it is provided that, against a nonresident, an action upon a demand, barred by the law of his residence, cannot be maintained unless it involves "the title to, or possession of, real property within the state," except where the cause of action originally accrued in favor of a resident of the state, or where such person became a resident of the state, or the cause of action was as-

signed to, or was thereafter continuously owned by, a resident of the state. The plaintiffs and the testators were all formerly residents of the state of Rhode Island, and there is no evidence that any of them ever resided in the state of New York, and Martha King, from 1877 to the time of her death, was a resident of New Jersey. Under such circumstances, a serious question arises whether the statute of limitations of New Jersey, which would be a complete bar, is not the one that applies. Without deciding that question, however, as it is unnecessary to do so, we think, for the reasons already stated, that the judgment against the persons here sued as heirs at law of Martha King must be reversed.

The judgment, therefore, as to all the defendants, must be reversed, and a new trial granted, with costs of this appeal to each separate set of defendants to abide the event.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur. RUMSEY, J., concurs in result.