(44 Misc. Rep. 128.)

### HUGHES et al. v. GOLDEN et al.

(Supreme Court, Special Term, Kings County.   June, 1904.)

1. PARTITION—PARTIES—CREDITORS OF DECEDENT.

The personalty of a decedent was insufficient to pay his debts, but no proceedings to sell his real estate were taken within three years after letters were issued as provided by Code Civ. Proc. § 2750. The heirs sued to partition his real estate, making his unsecured creditors and his administrator parties. The evidence showed that the claims of these creditors had been established in the probate court at the final accounting of the administrator. *Held* that, in order to avoid multiplicity of actions, the court will not remit such creditors to their action against the heirs under section 1843, some of the heirs being nonresidents, and their shares being small, but will determine the same in the action for partition.

2. SUBROGATION—RIGHTS OF ADMINISTRATOR.

Where an administrator paid the transfer tax of real estate from the personalty, the administrator is subrogated, as against the heirs who have succeeded to the real estate, to the claim for such for the benefit of the creditors of the estate.

Action by Mary Hughes and others against Margaret Golden and others. Motion to confirm referee's report in partition. Referee's report modified.

Thomas F. Murtha, for plaintiffs.

Smith & Campbell, for creditors.

R. M. Cahoone, for administrator.

MADDOX, J.   The personal estate is the primary fund for the payment of debts, and, when found to be insufficient, the land may be resorted to, but such proceedings must be had within three years after letters were first issued.  Code Civ. Proc. § 2750.  Here that period of time has long since elapsed, and, though the personalty was insufficient, such proceeding was not instituted by the administrator or any creditor.  The account of the administrator has been settled and passed, and the claims of the creditors have been established on the accounting proceeding, to which it appears the heirs were parties.  While the creditors are not necessary parties to this action, still they are before the court, and in equity their rights should be protected.  If not protected here, they will be remitted to their action against the heirs under section 1843 of the Code of Civil Procedure, and many of such heirs are nonresidents of the state and of the county, and the shares of some are very small, viz., the $1/735$ part.  To so remit the creditors would result in a multiplicity of actions, when all right can be determined here.

The administrator has paid from the personal estate the transfer tax, a claim against those to whom the property descended, and in equity

the administrator is subrogated to that claim for the benefit of the creditors, for they had the right to the application of such personalty to the payment of their debts. Let report be modified so as to provide for the payment of the creditors, or of a sufficient sum to the administrator to enable him to pay said creditors.

Referee's report modified.