(66 Misc. Rep. 593.)

### LORD v. ANDERSON et al.

(Monroe County Court. March 25, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 405*)—MORTGAGE ON DECEDENT'S LAND—FORECLOSURE—DISTRIBUTION OF SURPLUS.

 The sale, in an action to foreclose a mortgage on decedent's lands, given during his life, having been made four years after letters testamentary issued, objection to distribution in the foreclosure action of the surplus to decedent's devisees, that a judgment had been secured against the executor in his representative capacity by a creditor of testator, and that this was a prior charge on the surplus, is unavailing; Code Civ. Proc. § 2798, being a codification of Laws 1867, c. 658, as amended by Laws 1871, c. 834, the latter of which expressly provided that the former, permitting or directing the payment of the surplus into the Surrogate's Court, to be there administered, did not apply where letters testamentary had issued four years prior to the sale.

 [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1612; Dec. Dig. § 405.*]

Action by Matthias L. Lord against Augusta S. Anderson and others. Heard on motion for the confirmation of the report of the ref-

eree appointed in proceedings to distribute a surplus arising on the foreclosure of a mortgage. Report confirmed.

J. Frank Morse, for the motion.
Charles M. Williams, opposed.

STEPHENS, J. The referee reports that the surplus should be distributed to the devisees under the will of Sarah A. Whitbeck, and that there are no other liens against the surplus superior to the right of said devisees. The confirmation of the report is opposed by a creditor of said Whitbeck, who secured a judgment against the executor of the will of said Sarah A. Whitbeck, individually and in his representative capacity, and it is the debt established by this judgment that is claimed to be a charge against the surplus prior to the interests of the devisees.

The facts upon which the objections rest are made to appear by an affidavit. They relate to matters of record, and are considered upon this motion to the same purpose as if they appeared from the referee's report. On behalf of the said devisees it is urged that, because more than four years have elapsed since letters testamentary were issued upon the estate, the right to have the surplus administered in Surrogate's Court pursuant to section 2798 of the Code of Civil Procedure does not exist. In this latter view I concur. The section of the Code referred to is a substitute for chapter 658 of the Laws of 1867, as amended by chapter 834 of the Laws of 1871. By the latter act it was expressly provided that the former one, permitting or directing the payment of the surplus into the Surrogate's Court, did not apply to any case where letters testamentary or letters of administration had been issued four years previously to the making of the sale on which such surplus moneys arise. The Code section was the codification of these two acts.

The case of White v. Poillon, 25 Hun, 69, sustains the conclusion at which I have arrived. While there are other cases that lend argument to the opposing view, it is not apparent that there is any one of them in which the question was practically presented for decision whether or not the provisions of said section 2798 were applicable after a lapse of four years from the granting of letters testamentary or of administration. Matter of Callaghan, 69 Hun, 161, 23 N. Y. Supp. 378; Felts v. Martin, 20 App. Div. 60, 46 N. Y. Supp. 741; Hughes v. Golden, 44 Misc. Rep. 128, 89 N. Y. Supp. 765; Matter of Bernstein, 58 Misc. Rep. 115, 110 N. Y. Supp. 473. Mead v. Jenkins, 27 Hun, 570, 29 Hun, 253, 95 N. Y. 31, relates to a proceeding instituted before the Code of Civil Procedure was enacted.

The objections are overruled, and the report of the referee confirmed.