(25 Misc. Rep. 133.)

## In re KNAPP.

(Surrogate's Court, New York County.  November, 1898.)

1. DESCENT AND DISTRIBUTION—MORTGAGES—FORECLOSURE—SURPLUS.
   The surplus arising from a sale of a decedent's land under foreclosure
   of a mortgage is realty, which should go to the heirs or devisees.

2. SAME—DEFENSES BY HEIRS—LIMITATIONS.
   Code Civ. Proc. § 2755, authorizing an heir to interpose any defense
   against the claim of any creditor of his ancestor seeking to subject land
   to the payment of debts, enables an heir to interpose a plea of limitations.

3. SAME.
   The running of limitations against a claim of a deceased creditor to
   the surplus arising from a sale of mortgaged land is not suspended while
   the surplus remains undistributed, though the sale occurred within four
   years from the issuance of letters of administration.

4. SAME.
   On an application of an heir, under Code Civ. Proc. § 2799, for distribu-
   tion of the surplus proceeds of sale of his ancestor's mortgaged land, the
   administrator did not claim the surplus, but alleged that there were cred-
   itors who should have been cited, and that there was an insufficiency of
   personal assets with which to pay their claims.   Neither the names of

the creditors, nor any details respecting their claims, were given, and no insufficiency of assets had been judicially established. *Held*, that the application should be granted.

In the matter of the estate of Knapp, deceased, Alfred D. Knapp petitions for a distribution of certain funds. Granted.

O. F. G. Megie, for petitioner.

George W. Stephens, for administrators and Ephraim C. Gates, a creditor.

ARNOLD, S. The decedent died in January, 1888, intestate, leaving, him surviving, his widow and one child, the petitioner herein, his only heir at law. Letters of administration were issued on February 10, 1888. In the month of April thereafter, an action was begun to foreclose a mortgage executed by him in his lifetime upon certain real estate situate in this county, and of which he died seised, and a judgment was entered therein, under which a sale was made in July following, from which a surplus resulted, which has been paid into this court under the provisions of section 2798 of the Code of Civil Procedure; and this proceeding for the distribution thereof, under the following section (2799), was commenced in March, 1897. The petitioner claims that he is entitled to the whole of the surplus moneys, except so much thereof as may be required to satisfy the interest of the widow. On the return of the citation, one Gates appeared, claiming that he was a creditor of the decedent; that he had obtained judgment against the administrators upon his debt; and that the fund in question should be paid over to him. The administrators of the decedent's estate have also appeared. The petitioner contends that Gates' claim is barred by the statute of limitations, and upon the face of the claim it is so barred. The statute had begun to run against it at the time of the intestate's decease, and more than three years have elapsed since the issuance of letters of administration, and more than ten years between the time when the debt accrued and the time when these proceedings were instituted. Surplus moneys arising from the sale of a decedent's real estate under the foreclosure of mortgage thereon are regarded as realty, and go not to an executor or administrator, but to the heirs at law or devisees. Dunning v. Bank, 61 N. Y. 497; O'Flynn v. Powers, 136 N. Y. 412, 32 N. E. 1085.

A creditor of a decedent, who has obtained no lien upon the real estate by virtue of a judgment recovered against him, and properly docketed, so as to enable him to acquire such lien, is given by the Code of Civil Procedure certain remedies where the personalty is insufficient to pay the debt. He may prosecute the heirs upon their liability for the decedent's debt to the extent of the interest and right in the real property which descended to them from him (sections 1843 and 1844); or he may institute proceedings for the sale of the decedent's real property to pay his debts, under title 5 of chapter 18, and where the necessary facts are established, as required by section 2759, may obtain a decree for such sale. Sections 2798 and 2799 are part of title 5, and intended to cover cases where, by reason of a sale under judgment of foreclosure of a mortgage or other lien upon the decedent's real estate, it has become impracticable to take or continue proceedings

for the disposition of the property in the surrogate's court under the preceding sections of such title; and section 2799 provides that the distribution of surplus moneys arising on such sale which are brought into that court shall be made as if they were the proceeds of the decedent's real property, sold pursuant to a decree. Such disposition is provided for by section 2793, and contemplates a direct distribution among such creditors, if any, as appear and make claim to such proceeds, and whose debts have been duly established in the proceeding. The heir at law has the right to contest the validity and existence of any debts which are sought to be charged upon the proceeds, and he may set up the statute of limitations as a defense thereto. Code Civ. Proc. § 2755; Adams v. Fassett, 149 N. Y. 61, 43 N. E. 408; Ferguson v. Broome, 1 Bradf. (Sur.) 10; In re Callaghan's Estate, 69 Hun, 161, 23 N. Y. Supp. 378. The administrators could not by any act or admission on their part prevent the running of the statute, or revive the debt, so as to affect the real property of their intestate; and a recovery against them of a judgment on the claim could create no lien upon such property, or preclude the heir at law from interposing, in any proceeding by which it may be sought to establish a liability on his part for such debt, or a charge upon such property or the proceeds of any sale thereof, any defense which he could interpose if no action had been brought against the administrators. Code Civ. Proc. § 2757; Sharpe v. Freeman, 45 N. Y. 802; Kent v. Kent, 62 N. Y. 560; O'Flynn v. Powers, supra.

Gates contends that the running of the statute of limitations, as against his claim upon the surplus moneys, has been and is suspended while the same remain undistributed, because of the fact that the sale from which this surplus resulted took place within four years from the issuance of letters of administration; but I find no authority sustaining his position. The moneys were realized and paid into court before the statute of limitations had run against his debt, and he could have taken proceedings for the distribution at any time before the bar of the statute had become complete. Not having done so, and the heir at law having set up the statute as a defense to his claim in this proceeding, and such defense having been sustained, he cannot now successfully claim any right to participation in the distribution of the fund. The administrators make no claim as such upon the surplus moneys; but they allege that there are creditors, other than Gates, who should have been cited, and that there was an insufficiency of personal assets with which to pay their claims. Neither the names of such creditors nor any details in respect to their claims are given, and the alleged insufficiency of assets has never been judicially established. I think it unnecessary to suspend the present proceedings for the purpose of bringing in any additional parties. After payment, from the surplus moneys, of such costs and expenses of the proceeding as may be allowed, and the payment to the widow of her interest in the net proceeds, any balance remaining should be paid to the petitioner.

A decree may be presented in accordance herewith, on notice of settlement. Decreed accordingly.