(94 App. Div. 353.)

### JANPOLE et al. v. LASKY.

(Supreme Court, Appellate Division, First Department. May 13, 1904.)

1. PARTITION—DECREE—TRUSTS.

     Where all persons having a vested or contingent interest in certain land were made parties to a partition suit, and the decree, in so far as a part of the land subject to a trust was concerned, substituted the fund created by the sale of the land as the trust res, which was thereafter kept intact in the hands of the trustee for the purpose of the trust, such decree being conclusive on all persons, whether in being or not, who might be or become entitled to share in the trust estate, relieved the land from the trust.

Submission of controversy between Aaron M. Janpole and another and Morris L. Lasky. Judgment for plaintiffs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Moses Esberg, for plaintiffs.
Samuel D. Lasky, for defendant.

HATCH, J. The plaintiffs demand judgment for the specific performance of a contract for the sale to defendant of two parcels of real estate situate on West 129th street, in the city of New York. The defendant demands judgment for the return of $500 paid upon account of the contract, and for the further sum of $300, the expenses incurred in the examination of the title, which the defendant claims to be defective and unmarketable. The facts out of which this controversy arises are as follows: On February 4, 1904, the parties entered into a contract for the sale and purchase of two lots of land, above mentioned, with the buildings located thereon. The plaintiffs' title thereto is derived from one Ulysses D. French, who died in October, 1870, seised of 15 city lots, of which the two lots in question were a part. He devised all this real property to his wife for the term of her natural life, with remainder over to his four brothers, share and share alike. The wife died in December, 1877. In 1878 Samuel L. French, one of the four brothers, purchased the interest of one of his brothers in the real property conveyed to them by Ulysses D. French, and after such purchase Samuel L. French conveyed to another brother one-half of the interest which he had acquired; thus leaving Samuel L. French possessed of a one-fourth interest acquired by devise and a one-eighth interest acquired by purchase. It is the title to this one-eighth interest which the defendant contends subsequently became clouded, and thus the same became unmarketable. In June, 1879, Samuel L. French died testate, possessed of no real estate except that which he had acquired as aforesaid by devise and purchase. He left, him surviving, as his only next of kin and heirs at law, his widow, Sophia B., and a son, Samuel W. French. By the terms of the third clause of his will he gave the income from his estate to his wife for the term of her natural life, after excepting therefrom two bequests, and also excepting that portion of his estate which his brother Ulysses D. had devised to him; and further directed that after the death of his wife the income of his estate should be paid to his said son for the term of his natural life. By the fourth clause of his

will he bequeathed in fee simple to his said son all that portion of his estate which had come to him by the will of his brother, the said Ulysses D. French. By the fifth clause of his will he directed that, in case his son should die leaving issue, that after the decease of the testator's wife the estate should be equally divided among his sons' children, but the income therefrom should be paid to his son during his natural life, and that, in case his son should die without issue, then and in that case the testator directed that after the decease of his wife his estate should be divided into four equal parts, and three of said parts be given to three collateral relatives named therein, and the remaining one-fourth part should be disposed of as his said son or wife should direct. Shortly prior to the death of said Samuel L. French he executed a codicil, which struck out the fourth clause of his will, wherein he gave all that portion of the real estate which he had acquired from his brother Ulysses D. French to his wife and to his said son in equal shares. This left the one-eighth share which had been acquired by purchase still undisposed of under the fifth clause of his will. Sophia B. French died testate in 1891, giving all her property to her son, said Samuel W. French. After his father's death, Samuel W. French married, and now has three children. In June, 1901, Samuel W. French brought an action for the partition and sale of three lots of land in New York City; these three lots being all that remained unsold of the original fifteen lots devised by Ulysses D. French. He made parties defendant to that action himself, as sole surviving executor and trustee under the will of Samuel L. French, deceased; his three children, who are all infants, and who appeared in the action by a guardian ad litem; and all other persons having a vested or contingent remainder therein. That action was carried through to a judgment of sale; and the plaintiffs herein purchased the two lots in question upon such sale.

The decree of sale, so far as the one-eighth interest, the subject of this controversy, is concerned, provided "that the plaintiff Samuel W. French, as sole surviving trustee under the last will and testament of Samuel L. French, deceased, is entitled in fee simple to the undivided one-eighth part of the premises in question, and to the proceeds of the sale of such undivided one-eighth part of said premises, subject only to the execution of the trust as contained in the last will and testament of said Samuel L. French, deceased." It is evident, therefore, that by this judgment in partition the fund created by the sale of the land has been kept intact in the hands of the trustee for the purposes of the trust. Money has been substituted for the land, and, as such, it is held in the hands of the trustee for the benefit of those who shall be ultimately entitled thereto. If unborn children come into being, their rights are fully and completely protected by the fund which the judgment preserves, and the trust will open to enable them to share in such fund in like manner as it would open to give them their share in the land. Under well-settled authority a judgment which makes such provision is conclusive upon all persons in being and upon all persons who may thereafter come into being and entitled to share in the estate. The effect of the decree is to substitute the fund for the land, and when this is done the decree is conclusive upon all interests, whether presently vested or such as are future and contingent. Monarque v. Monarque, 80 N. Y. 320; Kirk v.

Kirk, 137 N. Y. 510, 33 N. E. 552; Kent v. Church of St. Michael, 136 N. Y. 10, 32 N. E. 704, 18 L. R. A. 331, 32 Am. St. Rep. 693; Smith v. Secor, 157 N. Y. 402, 52 N. E. 179. It follows, therefore, that the defendant, upon fulfillment of his contract of purchase, will receive a perfect title.

Judgment should therefore pass in favor of the plaintiffs for the specific performance of the contract, with costs. All concur.