TITLE GUARANTEE AND TRUST COMPANY, as Trustee, etc., Plaintiff, *v.* VIRGINIA BROWN BOOTH HUMPHREY, AMERICAN TRUST COMPANY, as Administrator of the Goods, Chattels and Credits of MARY LOUISE BOOTH, Deceased, and Others, Defendants.

First Department, April 4, 1924.

Wills — construction — devise of real estate to daughter with remainder to wife on death of daughter, proceeds of sale of property during lifetime of daughter to be reinvested — proceeds of sale passed to wife as real estate together with interest from date of death of daughter.

Where a testator devised real estate to his daughter with remainder to his wife and further provided that in case the real property in question should be sold during the lifetime of his daughter the proceeds should be reinvested, the

proceeds of the property which was sold during the lifetime of the daughter, passed upon her death, together with interest from said date, to the wife as real estate.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Sullivan & Cromwell* [*Philip L. Miller* of counsel; *Harlan F. Stone* with him on the brief], for the defendant Virginia Brown Booth Humphrey.

*Townsend & Kindleberger* [*E. Crosby Kindleberger* of counsel; *Arthur O. Townsend* with him on the brief], for the defendants American Trust Company, as administrator, etc., and others.

MARTIN, J.:

We are asked to construe the provisions of the will of Charles A. Booth, who died in November, 1900, a resident of Missouri. He left a one-half interest in real estate known as Nos. 101–103. East Fifty-ninth street, in the city of New York, which is disposed of· by the terms of his will. Its provisions with respect to this property give rise to this controversy. The real estate was sold in 1902 and part of the proceeds constitutes the fund now held by the trust company.

The will was not probated in New York county until October 25, 1902, about the time of the commencement of an action brought by the daughter for permission to sell said property.

The adverse claimants to this fund are testator's widow, Virginia Brown Booth Humphrey, who remarried after the testator's death, the surviving heirs at law, and the next of kin of his only surviving child, Mary Louise Booth, who died March 4, 1922, intestate, unmarried and without issue.

Miss Booth was a daughter of the testator by a former marriage, and Mrs. Humphrey, therefore, was her stepmother.

Mrs. Humphrey claims to be the owner of the entire principal amount of the fund as it existed at the death of the daughter; if her claim be valid, she is entitled also to the interest on the fund since that time.

The will, which was evidently executed in St. Louis, was dated May 4, 1899. Major Booth died November 14, 1900. After directing payment of his debts, he gave all his personal property to his wife. He then devised to his wife and to his only daughter, said Mary Louise Booth, certain real estate situated in Michigan.

The will then proceeds to dispose of the New York real estate as follows:

" I give, devise and bequeath unto my beloved wife Virginia Brown Booth, and unto my dear daughter Mary Louise Booth,

and to their heirs and assigns forever, the same to be equally divided between them, my one-half of the property known and numbered as one hundred and one (101) and one hundred and three (103) East Fifty-ninth Street (59) situated in the Borough of Manhattan, City of New York and State of New York, and owned jointly by my sister, Nancy D. Booth King, residing at One hundred and three (103) Halsey Street Borough of Brooklyn, City and State of New York, and myself; the said property having been bequeathed to us jointly by our sister Mary Louise Booth through her friend and companion, Anne W. Wright, in her will, she surviving our sister Mary, and being given the use of the property during her life time.

" My wife Virginia Brown Booth may sell and convey or otherwise dispose of all of the real and personal property herein devised to her, and in the event of her death without issue living at the time, such of the real property as may remain undisposed of shall pass to my daughter Mary Louise Booth.

" In the event of the death of my daughter, Mary Louise Booth, after my decease without leaving living issue at the time, my wife Virginia, surviving her, it is my desire and I do hereby provide, that all of my real estate devised to my daughter Mary shall then pass absolutely to my said wife Virginia and her heirs forever; and that during said Mary's life, her said property shall be sold only for reinvestment by a judgment of a court."

The whole tenor of the instrument indicates that when the testator made his will he had but two people in mind — his wife and his daughter. By its terms he nominated his wife as sole executrix to serve without bond.

His only surviving child, Mary Louise Booth, was also his only child at the time when the will was executed, a son having previously died. Miss Booth, who was born in 1880, was about nineteen years old at the time of the execution of the will and about twenty years old when the testator died.

The testator very clearly expressed the intention that at his death his interest in premises known as Nos. 101 and 103 East Fifty-ninth street, New York city, should go to his wife and daughter, and on the death of his daughter without issue her interest therein should pass absolutely to his wife and her heirs.

The will provides that " in the event of the death of my daughter, Mary Louise Booth, after my decease without leaving living issue at the time, my wife Virginia, surviving her, it is my desire and I do hereby provide, that all of my real estate devised to my daughter Mary shall then pass absolutely to my said wife Virginia and her heirs forever."

It is also provided that in case the real property in question should be sold during the lifetime of his daughter, the proceeds should be reinvested " by a judgment of a court." It is evident that the testator intended his daughter should have the use of the property during her life and upon her death to have it go to her issue, but, if there were no issue surviving her, then it should go to his wife.

He made a somewhat similar disposition of the property which he left to his widow. He provided that " my wife Virginia Brown Booth may sell and convey or otherwise dispose of all of the real and personal property herein devised to her, and in the event of her death without issue living at the time, such of the real property as may remain undisposed of shall pass to my daughter Mary Louise Booth."

The daughter having died without issue, prior to the death of the testator's wife, and having left the proceeds of the sale of real property which had been devised to her, the fund so realized is now the property of Virginia Brown Booth Humphrey.

The fact that the real property was sold and money was left instead of the real estate in no way alters the situation. The will provides that the real estate shall be sold only for reinvestment. The effect of this sale was to substitute the fund for the real estate. The money was, therefore, substituted for the property to be disposed of as provided by the terms of the will. (*Chamberlain* v. *Taylor*, 105 N. Y. 185; *Matter of McComb*, 117 id. 378; *Graham* v. *Dickinson*, 3 Barb. Ch. 169; *Dunning* v. *Ocean National Bank*, 61 N. Y. 497; *Delafield* v. *White*, 19 Abb. N. C. 104; *Matter of Knapp*, 25 Misc. Rep. 133; *Janpole* v. *Lasky*, 94 App. Div. 353; affd., 184 N. Y. 539.)

We hold, therefore, that Virginia Booth Brown Humphrey is the owner of the fund held by the Title Guarantee and Trust Company, and that it should be paid over to her with accrued interest thereon from and after the death of Mary Louise Booth.

Judgment should be directed for said defendant as above set forth, with costs payable out of the fund.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment directed for defendant Virginia Brown Booth Humphrey, as indicated in opinion, with costs payable out of the fund. Settle order on notice.